ANDREW EDWARDS, Appellant, *v.* JOHN PYLE, Appellee.

### APPEAL FROM MADISON.

A plea of failure of consideration to an action on a promissory note, which avers that the payee of the note was to plant a hedge, which should become a complete protection within a given time, and that it was out of the power of the payee to perform his contract, is good.

ALL the facts of this case are stated in the opinion of the court.

The decision upon the demurrer was by SNYDER, Judge, at the October term, 1857, of the Madison Circuit Court.

J. and D. GILLESPIE, for Appellant.

F. S. RUTHERFORD, for Appellee.

WALKER, J. The only question presented by this record is, whether the defendant's plea of a failure of consideration, presented a defense, to the action. The note sued on is payable one day after date, and bears date on the 15th day of May, 1856, payable to Joseph Griffin, and it was assigned by him to plaintiff, on the 16th day of May, 1856, the day after its execution. The plea alleges that Griffin, the payee of the note, on the 20th day of December, 1855, entered into an obligation with defendant, to set for him 960 rods of hedge, of osage orange plants, by the 15th day of May, 1856, and, if necessary, to reset, and to prune, cultivate and complete, a perfect hedge, in from three to five years, that would turn all kinds of stock, and to refund all money that should be paid to Griffin, should he fail to complete a perfect hedge, as agreed. That defendant was to board the hands employed in setting the hedge, protect it from damage by stock, and prepare the ground for the hedge. For setting the hedge, defendant was to pay plaintiff sixty cents

per rod ; twenty cents at the time of setting, and five cents per rod on the first days of March, annually, for two years, and the balance when the hedge should be completed. That the note was given for the payment of the twenty cents per rod, agreed to be paid at the setting of the hedge. That the plants which were set by plaintiff were winter-killed, at the time when they were set, and were of no use to the defendant; that they have never grown ; that it was out of the power of Griffin to complete the hedge, according to his obligation. That the injury to the plants was not by reason of any fault of defendant, and alleges that defendant had kept his part of the agreement, and that the consideration of the note has wholly failed. To this plea plaintiff interposed a demurrer, which was overruled by the court, and a judgment was rendered upon the demurrer in favor of defendant, to reverse which, plaintiff prosecutes this appeal.

This plea avers that the plants which were used, were at the time winter-killed and worthless, never having grown. This of itself would not constitute a failure of consideration, as Griffin had five years within which to complete his contract, and a perfect hedge sufficient to turn all kinds of stock, was what he had undertaken to furnish, within that time. If he could still before the expiration of the time, perform his contract as he had agreed, there would not be a failure of consideration. But the plea avers that it was then out of the power of Griffin to complete the hedge according to his obligation, and the truth of this averment is admitted by the demurrer. This is a question of fact, that must depend upon the mode of cultivation, the growth of the plant, and a variety of circumstances, that are susceptible of being determined by evidence. That it requires time to rear a hedge of this or any other plant, is apparent to all, but whether it may be done in less than three years, so as to turn all kinds of stock, can only be determined by evidence, like any other fact of which the court cannot judicially know. There was but little over three years of the time within which to complete the contract, when this plea was interposed, and it averred that there was not then sufficient time to complete the hedge, according to the agreement, and if that was true, there can be no question but that the consideration had failed.

It was the hedge, for which the appellant had contracted, and not the agreement for it. He had the right to insist that he should receive what he had contracted for, within the time limited, and when it is admitted that he has obtained nothing, and that he cannot procure the hedge within the time limited, he is not bound to proceed with his part of the agreement. In the case of *Kinzie* v. *Trustees of Chicago*, 2 Scam. 187, it was held that a plea that the consideration for which the note was

given was a lease, which was void, constituted a bar to a recovery. And the same doctrine is held in the case of *Tyler* v. *Young*, 2 Scam. 444, where the plea alleged that there were outstanding judgments against the vendors, which were liens upon the lands, the purchase of which was the consideration of the note. The same rule is laid down in the cases of *Gregory* v. *Scott*, 4 Scam. 392, *Duncan* v. *Charles*, ib. 561, and *Davis* v. *McVickers*, 11 Ill. R. 329, and this has been the uniform doc trine of this court.

There is, however, another class of decisions which hold, that where notes are given for the purchase money of land, payable in installments, and the conveyance is to be made on the last payment, that the fact that vendor has no title prior to the time he is bound to convey, does not constitute a failure of consideration. This class of cases proceeds upon the ground that he has the whole period of time for which he has stipulated, within which to procure and convey the title, and that for aught that appears, he may be able to comply with his agreement. But this case is different from those, inasmuch as here it stands admitted that the payee of the note will not be able to perform his agreement within the time.

There is also another class of cases, which hold that where a sale is made and a covenant of warrantee is taken, that a breach of the covenant does not amount to a failure of consideration, because the party receiving the covenant is supposed to rely upon his covenant. It is urged that this case falls within, and is governed by the same principle. In this case no such covenant was received. It is true that a memorandum of the agreement is alleged to have been made, but nothing appears from which we can infer that the appellant relied upon that agreement, as a warranty and as the consideration of the note. Had the payee, at the time the note was executed, warranted by a covenant that the plants would live, and the hedge would become complete within a given time, then it might be inferred that the covenant and not the hedge, was the consideration of the note. This case is not governed by that principle.

For these reasons we think the plea presented a good bar to the action, and that the court below did not err in overruling the demurrer, and that the judgment must be affirmed.

*Judgment affirmed.*