## WILLIAM FLETCHER

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. GRAND JURY—*filling from those present.* When the sheriff, under the order of the court, selects from the bystanders men to make up a deficiency in a grand jury, in the absence of anything to show the contrary, it will be presumed that the persons so summoned were duly qualified and were selected from the body of the county.

2. CRIMINAL LAW—*sentence on conviction under several counts.* Where a party is found guilty, under several counts, for selling liquor, it is error to sentence him the proper number of days' imprisonment in gross. There should be a separate sentence as to each conviction.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

This was an indictment against William Fletcher and Eli Fletcher, for selling intoxicating liquors without license. William Fletcher was found guilty under six counts, and the court sentenced him to sixty days' imprisonment in the jail of Shelby county.

Messrs. CREA & EWING, for the plaintiff in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is urged that the court below erred in having eight persons summoned from the bystanders, to fill up the grand jury that presented the indictment in this case. The latter clause

of the 9th section of the act of the 11th of February, 1874, then in force, declares, that if, for any reason, the panel of grand jurors shall not be full at the opening of the court, the judge shall direct the sheriff to summon from the body of the county a sufficient number of persons, having the proper qualifications, to fill the panel.

As we understand the objection, although it is not distinctly made, it is that the sheriff did not go outside of the court house and into the country to summon the eight jurors ordered by the court to fill the panel. Even if plaintiff in error is right in his supposition that the law intended that persons in the habit of hanging around the court house should not be summoned, still there is nothing to show that such persons were selected by the sheriff. For aught that appears, the persons selected from the bystanders may have been the very best citizens, and from the country and the various parts of the county. We will presume, until the contrary is made to appear, that the persons summoned by the sheriff were duly qualified, and were selected from the county; that he did his duty as it was imposed by the statute.

William Fletcher was found guilty under six counts, and was sentenced to sixty days' imprisonment in gross. Having been convicted under several counts there should have been a separate sentence under each conviction of the several offenses. As to the correct practice in such cases, see *The People ex rel. Manyx* v. *Whitson*, 74 Ill. 20, and *Mullinix* v. *The People*, 76 Ill. 211. This latter case also points out the correct practice as to the judgment in respect to the jail where the person convicted shall be confined.

For the error indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*