WILLIAM KINCAID

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield October 19, 1891.*

1. CORPORATIONS — *formed under the laws of two or more States.* While several States may not create corporations by joint acts of legislation, there may be corporations chartered by them, respectively, which, under the sanction and by authority of the respective States, may become consolidated, and thereby a new corporation be brought into being, existing under and by virtue of the laws of the several States, and possessing all the rights and immunities of the several corporations consolidated, in the several States in which the constituent corporations were chartered.

2. CRIMINAL LAW—*proof of existence of corporation—user.* The purpose of the act of 1889, which provides, "that in all criminal prosecutions involving proof of the legal existence of a corporation, user shall be *prima facie* evidence of such existence," is to avoid, in the first instance, the necessity of proving the legal existence of the corporation whose property has been stolen, burglarized, etc., and is not confined to corporations organized under the laws of this State. It applies equally to corporations of other States doing business in this State.

3. INDICTMENT FOR BURGLARY—*building owned by a corporation organized under two or more States.* An indictment for burglary is not necessarily defective because it avers that the room or building burglarized was that of a corporation organized under the laws of two different States.

4. SAME—*allegation as to building entered.* An indictment for burglary charged that the defendant entered "the engine room of" a railway company, "a corporation organized," etc.: *Held,* that the indictment was bad in failing to allege that the entry was into a building.

5. Where a railway company occupies no other portion of a building than a room designated as an engine room, if the use thereof by the company is of a permanent and exclusive character, it will be sufficient, in an indictment for burglary, to describe the place entered as a house or building of the corporation.

6. INSTRUCTION—*bad for ambiguity.* On the trial of one upon an indictment for burglary for entering an "engine room" of a railway corporation, the court instructed the jury, that if they believed, from the evidence, beyond a reasonable doubt, that the railway company used the railway which conducted the shops in which the engine room was situated, in running their cars over the railroad, as a part of the general system of the company, that is sufficient: *Held,* that the instruction was erroneous, as leaving wholly in doubt as to what facts upon which it was predicated were to be taken as sufficient.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. JAMES F. HUGHES, Judge, presiding.

Mr. H. A. NEAL, for the plaintiff in error:

The averment that the corporation was organized under the laws of the States of Indiana and Ohio, is bad, for the reason that two States can not jointly charter a corporation. *Muller* v. *Davis,* 94 U. S. 444; *Railway Co.* v. *Whittons,* 13 Wall. 270.

.The term "engine room" is not in the list of buildings named in the statute, nor does it come within the general description of "other building." An indictment charging the breaking into a "store-room" is insufficient under a statute making it an offense to break into a "store-house." *Hagan* v. *State,* 35 Ohio St. 268.

The averment of ownership is material, and must be proved as alleged. 2 Archbold on Pr. and Pl. (7th ed.) sec. 329; 2 Greenleaf on Evidence, sec. 81; 2 Bishop on Crim. Law, sec. 91; 2 Bishop on Crim. Proc. sec. 137; 2 Wharton on Am. Crim. Law, sec. 1555.

The prosecution relied on proof of user under the act of 1889.

The averment that the railway company was a corporation duly organized under the laws of the States of Indiana and Ohio, was a material one. Had the corporate name, simply, been used, without the averment that it was a corporation, etc., the indictment would have been fatally defective. *Staaden* v. *People,* 82 Ill. 432.

If, then, it was necessary to aver that it was a corporation duly organized, etc., it certainly was necessary to prove the allegation. And how can it be contended that this statute of 1889 helps the averment any? If the pleader had alleged that said corporation was a corporation of Illinois, and had proved user in Illinois, we admit that would have made a *prima facie* case; but how does proof of user in Illinois prove that it was a corporation of some other State than Illinois?

Mr. GEORGE HUNT, Attorney General, and Mr. J. H. MAR-SHALL, State's Attorney, for the People:

A railway corporation may exist by virtue of the laws of two or more States. (*Railway Co.* v. *People,* 123 Ill. 467.) But it is not for the People to prove the legality of the organization of a corporation, but that the corporation *de facto* exists. Laws of 1889, p. 115.

The allegation that the corporation was organized under the laws of Indiana and Ohio may be rejected as surplusage. *McCarney* v. *People,* 83 N. Y. 408.

The objection that an engine room is not a building, within the meaning of the statute, is made here for the first time, and comes too late.

Per CURIAM: Plaintiff in error was indicted in the Coles circuit court for burglary. He was found guilty by a jury, under the eighth count of the indictment, and, motions for new trial and in arrest having been overruled, was sentenced to the penitentiary for burglary.

We are of opinion that the conviction can not be sustained. The material averments of the count upon which his convic-

tion is predicated are as follows: "That said William Kin-- caid, at, etc., on, etc., feloniously, burglariously, etc., without force, etc., entered the engine room of the Chicago, Cleveland, Cincinnati and St. Louis Railroad Company, a corporation organized under the laws of the State of Indiana and State of Ohio, the door of said engine room being then and there open, with intent then and there, feloniously, etc., to steal, take and carry away divers personal goods and chattels of George Shaeffer, etc., contrary to the form of the statute," etc. We are not prepared to hold that the averment that the corporation mentioned was organized under the laws of the States of Indiana and Ohio, necessarily rendered the indictment defective. While several States may not create corporations by joint acts of legislation, there may be corporations chartered by them, respectively, which, under the sanction and by authority of the respective States, may become consolidated, and thereby a new consolidated corporation be brought into being, existing under and by virtue of the laws of the several States, and possessing all the rights and immunities of the several corporations consolidated in the several States in which the constituent corporations were chartered. *Ohio and Mississippi Railway Co.* v. *People ex rel.* 123 Ill. 467.

It is provided in the Criminal Code of this State, "that in all criminal prosecutions involving proof of the legal existence of a corporation, user shall be *prima facie* evidence of such existence." The obvious purpose of this statute is to avoid the necessity, in the first instance, of proving the legal existence of the corporation whose property has been stolen or burglarized, etc. The language is broad and comprehensive, including all criminal prosecutions involving proof of the legal existence of a corporation, and it is not, as is supposed,—nor can it be, by any fair construction,—confined to proof of the existence of an Illinois corporation, only. By the statutes of this State corporations organized under the laws of other States are permitted to do business here, and there is no war-

rant for saying that user within the State shall be sufficient proof of the existence of an Illinois corporation, and shall not be sufficient *prima facie* evidence of the existence of corporations existing by virtue of the laws of other States and doing business within this State.

A question of much greater difficulty is presented by the allegation that the defendant, etc., "did enter into the engine-room of," etc. The statute provides that whoever shall enter, etc., any "dwelling house, kitchen, office, shop, store-house, warehouse, malt house, stilling house, pottery, wharfboat, steamboat or other craft, freight or passenger railroad car, church, meeting house, school house, or other building, with intent, etc., shall be guilty of burglary." The indictment in this particular is faulty, unless it can be held that the description of the property burglarized falls under the designation of "other building," as used in the statute. If the averment had been, that the defendant entered "the engine house," etc., it could not be contended that it would not be such a building as would fall within the general designation of "other building." In *Orrell* v. *People*, 94 Ill. 456, it was held that it was not necessary to allege that a stable was a building, and it was said: "A 'stable,' as that word is commonly used and understood, is the equivalent of 'building,' and is therefore included in the statute defining burglary in that class of structures denominated 'other building.'"

A place where locomotive engines are kept, is, as we understand, commonly known, understood and designated as an engine house or round-house. We are not aware, however, of any common usage or understanding which would designate such a place as an engine room. On the other hand, the room or compartment in a mill, factory or other building where stationary engines are stationed or placed, is, in common usage, called an "engine room," meaning thereby a room in or attached to a building in which the engine is situated and operated. Thus understood, the entry was made into a room

of some building occupied and owned by the railway company mentioned. It would have been sufficient, even though the railway company occupied no other portion of the building than the room designated, if its use thereof was of a permanent and exclusive character, to have described the place entered as the house or building of the railway corporation. (Roscoe on Crim. Ev. 357, *et seq.;* 1 Hale's P. C. 557; 1 Hawk. P. C. chap. 38.) It can not, however, be said that the designation "engine room" falls within the common and ordinary understanding of the term "building." It is understood to be a room in or part of a building, and may or may not be connected with the main building by internal passageways.

We will not, however, pursue this investigation further, as, in any event, there must be judgment of reversal. At the instance of the People the court gave the following instruction to the jury:

"If you are satisfied, from the evidence, beyond a reasonable doubt, that the Cleveland, Cincinnati, Chicago and St. Louis Railroad Company used the railway which conducted the shops in which the engine room in question was situated in running their cars over the railroad, and if the railroad in question was a part of the general system of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, that is sufficient."

If this instruction is to be taken as a statement of fact, it would clearly appear that "the engine room" in question was situated in certain shops, and was not a building in and of itself, but what it purports to be by its designation,—a room attached to or within a building. But it is left by the instruction wholly in doubt as to what the facts upon which it is predicated are to be taken as sufficient for. Taking the whole series of instructions together, it is impossible to say that the jury were not in effect told by this instruction, that if they believed, beyond a reasonable doubt, that the corporation named used the railroad which conducted the shops in which

the engine room was situated in running their cars over the railroad, and if the railroad in question was a part of the general system of the railway company named in the indictment, that "is sufficient" upon which to predicate a verdict of guilty. Upon a most careful consideration of all the instructions there is nothing to aid this one, or that could have informed the jury of any legitimate object or purpose it could serve. Nor, in view of the evidence, can this instruction be said to be error without prejudice. While the evidence may be sufficient to satisfy us that the railroad corporation named was using the railroad which conducted the shops in which the engine room was situated in running cars over the road, it by no means follows that they were the owners of the building or the shops, in the sense in which that term is used as applicable to the ownership of the building burglarized.

The judgment of the circuit court is reversed, and the cause remanded for further trial.

*Judgment reversed.*