WILLIAM BROMLEY

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 8, 1894.*

1. CRIMINAL LAW—BURGLARY—*defined.* Burglary, at the common law, is where a person breaks and enters any dwelling house by night, with intent to commit a felony therein, whether such felonious intent be executed or not. But under our statute burglary may be committed by day as well as by night.

2. SAME—*sufficiency of indictment for burglary.* Under section 408 of the Criminal Code, and section 36 of the same code, as amended in 1885, it is unnecessary to charge in an indictment that the crime was committed either "in the night time" or "in the day time," in order to constitute a charge of burglary under the existing law of this State. An indictment which fails to allege that the crime was committed either by day or by night, would clearly be a good charge of burglary committed in the day time.

3. Where a burglary is not alleged to have been committed in the night time, it would seem that only the punishment provided for burglary in the least aggravated degree can be imposed.

4. SAME—*degrees in punishment.* Under our statute, burglary committed in the day time, or in respect to a building not a dwelling house, is punishable by imprisonment for not less than one nor more than twenty years. If, however, the offense is committed in the night time, and in respect to a dwelling house, then the minimum punishment is five years; and if the burglary of a dwelling house is in the night time, and the burglar has a deadly weapon, a deadly drug or an anæsthetic upon his person or in his possession, then not only is the minimum imprisonment five years, but there is no limit to the maximum term of imprisonment.

5. SAME—*proof of burglary as charged.* Where the time laid in an indictment is material, then it must be specifically proved as set out in the indictment. And it is also a general rule that all descriptive averments in an indictment must be proved as laid. So a charge of burglary in the night time is not sustained by proof of a burglary committed in the day time, and it is error to admit in evidence proof of a burglary in the day time.

6. CRIMINAL LAW—*variance—when averments must be proved as charged.* Where allegations are made, if they be such as to enter substantially into the description of the crime, so that they can not be

severed from it without rendering the description applicable to another and different offense, (different in fact, if not in nature,) then each allegation must be proved, or the indictment is not sustained.

7. New trial—*waiver of statement of reasons in writing.* Where a motion for a new trial is submitted without any statement in writing of the grounds therefor, without objection, such statement will be treated as waived, and the want of it can not be urged in an appellate court.

8. Same—*overruling motion—preserving exceptions.* It is sufficient if the bill of exceptions shows a motion for a new trial was made and overruled, and an exception taken. In such case, the court to which the record is taken on appeal or writ of error can consider the propriety of refusing the motion for a new trial.

Writ of Error to the Criminal Court of Cook county; the Hon. O. H. Horton, Judge, presiding.

Messrs. Stirlen & King, for the plaintiff in error.

Mr. M. T. Moloney, Attorney General, Mr. T. J. Scofield, and Mr. M. L. Newell, for the People.

Mr. Chief Justice Baker delivered the opinion of the Court:

The indictment upon which William Bromley, plaintiff in error, was convicted in the Criminal Court of Cook county, and sentenced to imprisonment in the penitentiary for the term of one year, contained three counts,—two for burglary in the night time, and one for receiving stolen goods. The jury found him guilty of burglary, the verdict making no reference to the count for receiving stolen goods.

It is objected, by defendant in error, to the consideration of the errors assigned in this court, that the record does not show that a sufficient motion for a new trial was made in the trial court. It is said: "No reasons are shown upon which the motion was founded, and taking the bill of exceptions most strongly against the party preparing it, it is fair to presume there were none." And further said: "The bill of exceptions must disclose all the reasons, if any, for the motion, the ruling of the court upon them, and timely exceptions taken." The

bill of exceptions in the record contains the following statements: "And thereupon the jury retired to consider their verdict, and upon the return of the same into court the defendant moved that the same be set aside and a new trial granted, which motion the court afterwards, and on the first day of November, 1893, overruled, and thereupon rendered judgment upon the verdict of the jury, and passed sentence upon the defendant, to which action of the court in overruling said motion for a new trial, in entering said judgment and in passing said sentence, the defendant thereupon excepted."

The objection to the consideration of the errors assigned is not well taken. In *Ottawa, Oswego and Fox River Valley Railroad Co.* v. *McMath*, 91 Ill. 104, it was held that where a motion for a new trial is submitted, without any statement in writing of the grounds therefor, without objection, such statement will be treated as waived, and the want of it can not be urged in the Appellate Court, and that it is sufficient if the bill shows a motion for a new trial was made and overruled and an exception taken, and that in such case the court to which the record is taken on appeal or writ of error can consider the propriety of refusing the motion for a new trial. This decision has been followed in subsequent cases.

The principal ground that seems to be relied upon by plaintiff in error for a reversal of the judgment is that of variance. One count of the indictment charges burglary, without force, in the night time, of a dwelling house; another charges burglary, with force, in the night time, of a dwelling house; and the other, as we have seen, is for receiving stolen goods. The proof is uncontradicted and conclusive that the burglary of the dwelling house was committed by some one on the 22d day of July, 1893, between the hours of two o'clock and five o'clock in the afternoon, and in the day time.

Burglary, at the common law, is where a person breaks and enters any dwelling house by night, with intent to commit a felony therein, whether such felonious intent be executed or

not. Under our statute burglary may be committed by day as well as by night. Section 36 of the Criminal Code, as amended June 19, 1885, reads as follows: "Whoever, willfully and maliciously and forcibly, breaks and enters, or willfully and maliciously, without force, (the doors or windows being open,) enters into any dwelling house   *   *   *   or other building with intent to commit murder, robbery, rape, mayhem, or other felony, or larceny, shall be deemed guilty of burglary, and be imprisoned in the penitentiary for a term not less than one year nor more than twenty years: *Provided, however,* that whoever willfully and maliciously and forcibly breaks and enters, or willfully and maliciously, without force, (the doors or windows being open,) enters into any dwelling house in the night time, with intent to commit murder, robbery, rape, mayhem, or other felony, or larceny, shall, on conviction, be imprisoned in the penitentiary for a term of not less than five years nor more than twenty years: *Provided, further*, that if, at the time of committing the offense mentioned in the proviso, such person shall be found with any deadly weapon, deadly drug or anæsthetic upon his person or in his possession, he shall, on conviction, be punished by imprisonment in the penitentiary for any term of years not less than five." Laws 1885, p. 73; 3 Starr & Curtis' Ann. Stat. 343.

Section 408 of the Criminal Code provides that every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury. It would seem that under this section, and the statute of 1885 above quoted, it is unnecessary to charge that the crime was committed either "in the night time" or "in the day time," in order to constitute a charge of burglary under the existing law of this State. We think an indictment which fails to allege that the crime was committed either by day or by night would clearly be a good charge of burglary

committed in the day time. In *People* v. *Barnhart*, 59 Cal. 381, it was held that an information which charges the commission of the crime of burglary, without stating whether the act was committed in the night time or in the day time, embraces both degrees of the crime, and that under such an information it is competent for the jury to find the defendant guilty of the crime in either degree. For reasons hereafter stated, we doubt whether, upon correct rules of criminal pleading, a defendant, upon such a charge, could properly be convicted, under a statute such as ours, of a burglary committed in the night time, but think that a conviction for burglary committed in the day time could be sustained. In *Summers* v. *State*, 9 Texas App. 396, and in *Bravo* v. *State*, 20 id. 188, it was held that an indictment for burglary which failed to charge that it was effected in the night time should be considered as charging a daylight burglary. In Michigan the statutes distinguish between the degrees of punishment for simple and for aggravated burglary, and in *Harris* v. *People*, 44 Mich. 305, it was held that if all the incidents warranting the severer penalties are not alleged in the information, then the smaller punishment only can be inflicted.

It is said in 1 Bishop on Criminal Procedure, sec. 84: "In all cases, without one exception, the common law requires each and every individual thing which itself or a statute has made an element in the wrong upon which the punishment is based, to be alleged in the indictment. Under our statute a burglary committed in the day time, or in respect to a building not a dwelling house, constitutes the offense of burglary, and is punishable by imprisonment for not less than one nor more than twenty years. If, however, the offense is committed in the night time, and in respect to a dwelling house, then the minimum punishment is five years. And if the burglary of a dwelling house is in the night time, and the burglar has a deadly weapon, a deadly drug or an anæsthetic upon his person or in his possession, then not only is the minimum

imprisonment five years, but there is no limit to the maximum term of imprisonment. Applying to the case of a burglary not alleged in the indictment to have been committed in the night time, the rule above quoted from Bishop, and that which seems to be the doctrine of *Harris* v. *People, supra, Summers* v. *State, supra,* and *Bravo* v. *State, supra,* it would seem that only the punishment provided for burglary in the least aggravated degree can be imposed.

It is, however, urged, that the indictment in this case affirmatively charges that the crime was committed "in the night time," while the proof shows that it was committed in the day time; that this constitutes a fatal variance between the proofs and the allegations, and that it was error in the trial court to refuse to exclude the evidence from the jury, and error to overrule the motion for a new trial. When allegations are made, if they be such as to enter substantially into the description of the crime, so that they can not be severed from it without rendering the description applicable to another and different offense, (different in fact, if not in nature,) then such allegation must be proved, or the indictment is not sustained. (*People* v. *White,* 24 Wend. 520, 570.) Where the time laid in an indictment is material, then it must be specifically proved as set out in the indictment. (10 Am. and Eng. Ency. of Law, p. 562, and authorities cited in note 1.) It is also a general rule that all descriptive averments in an indictment must be proved as laid. Here, the averment that the offense was committed in the night time is not impertinent or foreign, but enters substantially into the description of the crime charged, and is material, as affecting the minimum of the punishment that could be imposed. The prosecution having charged that the burglary was committed in the night time, was required to prove it. This was expressly decided in *Guynes* v. *State,* 25 Texas App. 584. There the conviction was for burglary, the indictment charging a burglary in the night time. The court instructed the jury that they might convict

if the evidence showed that the burglary was committed either in the day time or in the night time. It was held that this was error, and that under the indictment a conviction could only be had for a burglary committed in the night time. See, also, *Waters* v. *State*, 53 Ga. 567.

In the case at bar we think it was error to refuse to exclude the evidence from the jury, and to overrule the motion for a new trial. The judgment is reversed and the cause remanded.

*Judgment reversed.*