GEORGE BRUEN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 16, 1903.*

1. BURGLARY—*effect where indictment does not allege that crime was committed at night.* If an indictment for burglary is framed under the first part of section 36 of division 1 of the Criminal Code, without alleging whether the crime was committed in the daytime or at night, it is not a fatal variance, if the proof shows the offense was committed at night.

2. SAME—*positive proof of partnership of owners of building entered is not indispensable.* When an indictment describes the persons whose building the accused is charged with entering as "partners," direct proof of the partnership is not indispensable to a conviction of the crime of burglary, if the fact of such partnership may be implied from the circumstances proven.

3. SAME—*hotel is included in words "other building," used in statute.* A hotel is included within the meaning of the words "other building," used in section 36 of division 1 of the Criminal Code, relating to the crime of burglary.

4. SAME—*admissibility of evidence that keys were found on person of the accused.* On the trial of one accused of burglary in entering a hotel, proof that the keys of other hotels were found on his person, one of which unlocked the door of the room where he was discovered, is admissible, as tending to disprove his statement that he was intoxicated and did not know how he came to be in the hotel.

5. CRIMINAL LAW—*it will be presumed, on appeal, that jurors were properly summoned.* In the absence of any challenge to the array, or of any showing to the contrary, it will be presumed, on appeal, that the persons summoned by the sheriff as jurors were duly qualified and were selected from the body of the county.

6. SAME—*objections to irregularities in making up the record should be made below.* Defects and irregularities in making up the record of a criminal case are waived where no objection is made to them in the trial court.

7. SAME—*when foreman of grand jury will be presumed to have been sworn.* The foreman of the grand jury will be presumed to have been sworn where the record recites that, the panel of grand jurors being filled and the foreman appointed, "the grand jurors aforesaid were duly sworn and charged by the court."

8. INSTRUCTIONS—*giving of written instructions may be waived.* If the accused and his counsel agree that the court shall give oral instructions to the jury, the accused cannot complain, on appeal or error, that the instructions were not in writing.

206—27

9. SAME—*failure to give instructions should be complained of in trial court.* Failure of the court to give instructions on any important particular when orally instructing the jury by consent of all parties, cannot be complained of for the first time on writ of error.

10. SAME—*party must except to giving of alleged erroneous instructions.* One cannot complain of the action of the court in giving an instruction where no exception is taken to such instruction at trial.

11. NEW TRIAL—*exception to overruling a motion for a new trial must appear in bill of exceptions.* An exception to overruling a motion for new trial must be preserved in the bill of exceptions, and it is not sufficient that it appears from the clerk's recitals in the record.

12. EVIDENCE—*admissibility of proof of intoxication.* Where it is necessary to prove a specific intent before a conviction can be had, it is competent to prove that accused was at the time incapable of forming such intent, whether from intoxication or otherwise.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

This is an indictment for burglary, found by the grand jury of Cook county against the plaintiff in error. The jury returned a verdict, finding plaintiff in error guilty of burglary in manner and form as charged in the indictment, and fixed his punishment at imprisonment in the penitentiary. At the March term, 1903, of the criminal court of Cook county judgment was rendered upon the verdict, and sentence was pronounced in accordance therewith. The present writ of error is prosecuted from such judgment of conviction.

The material facts, shown by the evidence, are as follows: About twelve o'clock at night on January 23, 1903, a bell-boy at the Hotel Majestic, 22 Quincy street in Chicago, conducted a guest of the hotel to the room assigned to him, to-wit, room "K" 64, which is on the third floor of said hotel. On arriving at the entrance of the room the bell-boy found the door unlocked and pushed it open. The door struck against plaintiff in error, who was standing behind it, with his overcoat on and his shoes unlaced. The room was perfectly dark. The bell-boy asked plaintiff in error if that was his room, and plaintiff in error answered "Yes." The bell-boy requested

the elevator man to send up the porter. The porter ran and caught plaintiff in error, just after he had left the room and started towards the stairs. The porter took the plaintiff in error to the office of the hotel, and there he was seen by the night clerk and the manager of the hotel. The night clerk testified that, when he saw plaintiff in error, the latter seemed to be sober, and also that no room in the house had been assigned to plaintiff in error, as the room, in which he was found, "K" 64, had been assigned to another party during the day. The manager testified that plaintiff in error stated to him at that time that he, the plaintiff in error, did not know what he was doing, but that he had become intoxicated, and went into the hotel, and did not know where he was. Plaintiff in error asked the manager where he was, and the manager told him. Plaintiff in error gave no excuse for being there. The manager asked plaintiff in error if he had one of the hotel keys, and plaintiff in error answered, "No, he did not have any keys." A policeman was sent for through the telephone, and searched plaintiff in error in the presence of the hotel manager, and found on his person three keys, belonging to the Great Northern Hotel, and two from the Lexington Hotel, and another key, which opened the lock of room "K" 64 in the Hotel Majestic. The policeman stated that he considered plaintiff in error sober. The proof showed that the Hotel Majestic was owned by Porter & Salisbury,—Washington Porter and Nate Salisbury.

IVY ELMER ROGERS, for plaintiff in error.

H. J. HAMLIN, Attorney General, CHARLES S. DENEEN, State's Attorney, and FRED L. FAKE, for the People.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—This indictment for burglary contains two counts. The first charges that plaintiff in error "forcibly," etc., "did break and enter into the certain building,

to-wit, hotel of Washington Porter and Nate R. Salis-
bury, partners then and there doing business as Porter &
Salisbury," "with intent to steal," "contrary," etc. The
second count was the same as the first, with the excep-
tion that the grand jury charged plaintiff in error with
entering the certain building "without force, the doors
and windows being open," etc., "with intent," etc.

The first point, made by plaintiff in error, is that the
indictment alleged a burglary in the day time, while the
proof showed a burglary in the night time. This is not
an accurate statement of the allegations in the indict-
ment. Neither of the counts alleged that the burglary
occurred in either the day time or night time. Section
36 of the Criminal Code provides as follows: "Whoever
willfully and maliciously and forcibly breaks and enters,
or willfully and maliciously, without force, (the doors or
windows being open), enters into any dwelling house,
* * * or other building, with intent to commit murder,
robbery, rape, mayhem or other felony or larceny, shall
be deemed guilty of burglary and be imprisoned in the
penitentiary for a term not less than one year, nor more
than twenty years: *Provided, however*, that whoever will-
fully and maliciously and forcibly breaks and enters,
or willfully and maliciously, without force (the doors or
windows being open), enters into any dwelling house in
the night time, with intent to commit, * * * shall, on
conviction, be imprisoned in the penitentiary for a term
of not less than five years, nor more than twenty years,"
etc. (1 Starr & Curt. Ann. Stat.—2d ed.—p. 1244.) The
counts of the indictment here are framed under the first
part of section 36 for burglary generally, without speci-
fying whether committed in the day or in the night. The
proof showed that the offense was committed at night,
and there was no variance.

In *Bromley* v. *People*, 150 Ill. 297, it was held that, un-
der this section 36, and the statute there quoted, it was
unnecessary to charge that the crime was committed

either "in the night time" or "in the day time," in order
to constitute the charge of burglary under the existing
law of this State.    In *Bromley* v. *People, supra,* the indict-
ment charged, that the crime was committed in the night
time, while the proof showed that it was committed in
the day time, and it was held that there was a fatal
variance on that account between the proofs and the
allegations:    In that case, a doubt was expressed as to
whether, under an information, which charged the com-
mission of the crime of burglary without stating whether
the act was committed in the night time or in the day
time, a defendant could properly be convicted, under a
statute such as ours, of a burglary committed in the
night time.    The expression of such a doubt, however,
was unnecessary to the decision of that case in view of
the variance already referred to.    In the subsequent case,
however, of *Schwabacher* v. *People,* 165 Ill. 618, we said up-
on this subject (p. 624):    "It would therefore seem clear
that, under a count framed under the first part of the sec-
tion for burglary generally without specifying whether
committed at day or night, as the last two counts in
this indictment were framed, the accused might be found
guilty, where the evidence was otherwise sufficient, even
though it appeared the offense was committed in the
night time.    But in such a case the punishment would be
from one to twenty years, at the discretion of the jury,
and not from five to twenty years.    *   *   *    It would be
burglary in either case, whether committed at night or
in day time, and it cannot be correctly said that, be-
cause the proof establishes the offense in its aggravated
form, it does not establish it in its less aggravated form.
Where sufficient is proved to establish the offense, it
would be altogether illogical to say there was a fail-
ure of proof, or a variance between the allegations and
proof, simply because more was proved than alleged."  We
are, therefore, of the opinion that, under this indictment,
which does not specify whether the burglary was commit-

ted at day or night, there is no fatal variance because the proof shows the crime to have been committed at night.

*Second*—The indictment charges that plaintiff in error "did  *  *  *  enter into the certain building, to-wit, hotel of Washington Porter and Nate R. Salisbury, partners then and there doing business as Porter & Salisbury." It is claimed that there was no proof that Washington Porter and Nate R. Salisbury were partners, and, therefore, that there was a fatal variance. One witness testified that he knew who the owners of the Hotel Majestic were, and that they were "Porter & Salisbury, Washington Porter and Nate Salisbury." This was substantially a statement, that the hotel was owned by Washington Porter and Nate Salisbury, and that they constituted the firm of Porter & Salisbury. The evidence further shows, that certain of the employes of the hotel were in the service of Porter & Salisbury in the management of the hotel. There was thus testimony, tending to show that Porter & Salisbury were partners. That a partnership actually exists may be implied from circumstances, and positive proof of the fact is not indispensable. Whether certain persons are partners, or not, is purely a question of fact to be determined from the evidence. (*Kelleher* v. *Tisdale*, 23 Ill. 354; *Field* v. *Crawford*, 146 id. 136).

*Third*—It is furthermore claimed, that there was no proof of the allegation, contained in the indictment, that the hotel in question was a "building." We have no doubt that, within the meaning of the words, "other building," as used in the Burglary statute, a hotel is a building. In *Orrell* v. *People*, 94 Ill. 456, it was held that "a 'stable,' as that word is commonly used and understood, is the equivalent of 'building,' and is, therefore, fairly included, in the statute defining burglary, in that class of structures denominated 'other buildings.'"

In *Gillock* v. *People*, 171 Ill. 307, it was held that a chicken-house, or hen-house, was a building within the meaning of said statute. (See also *Kincaid* v. *People*, 139

Ill. 213, and *Schwabacher* v. *People, supra*). A building has been defined to be "a fabric or edifice constructed for use or convenience; as a house, a church, a shop. It must be permanent and designed for the habitation of men or animals, or the shelter of property." (2 Am. & Eng. Ency. of Law,—1st ed.—p. 601). A hotel is certainly an edifice designed for the habitation of men.

*Fourth*—It appears from the evidence that plaintiff in error was searched, and that there were found upon his person keys, belonging to two other hotels than the one where he was arrested. It is claimed, that the trial court erred in not excluding the evidence in regard to these keys. In our opinion no error was committed in this regard. It has been held that burglars' tools, found upon the person of the accused when arrested, may be put in evidence upon his trial for burglary. (*Williams* v. *People*, 196 Ill. 173). The evidence showed that one of the keys, found upon the person of the plaintiff in error, unlocked the door of room "K" 64 in the hotel where he was found. None of the keys, which he had, were keys belonging to the Hotel Majestic, but, as he carried about his person, a key which would open the door of one of the rooms in the hotel, the testimony in regard to his possession of the keys was competent, as showing what instrument he used to effect his entry into the room, and as tending to contradict the statement, that he was so intoxicated that he did not know how he came to be in the hotel, or where he was at the time he was arrested.

*Fifth*—Various objections are made by the counsel of plaintiff in error to the mode of summoning the grand and petit juries. It is to be observed, in regard to these objections, as well as in regard to other objections to the indictment, that they can only be taken by a challenge of the array, or by motion to quash the indictment. (*Stone* v. *People*, 2 Scam. 326). In the case at bar, however, there was no challenge of the array, and no motion was made to quash the indictment upon any ground. It

will be presumed, until the contrary appears, that persons summoned by the sheriff were duly qualified, and were selected from the body of the county. (*Fletcher* v. *People*, 81 Ill. 116).

Plaintiff in error also complains of certain defects and irregularities in the making up of the record by the clerk of the criminal court of Cook county. There is much force in the criticism made upon the defective and irregular way, in which the present record has been made up by the clerk. But no objections were made in relation to these defects in the court below. Plaintiff in error should have made his objections upon this ground at the time, and, if they were not sustained, should have taken exceptions, and preserved such exceptions by a bill of exceptions. As he did not do so, these irregularities will be regarded as having been waived. "A prisoner on trial under our laws has no right to stand by, and suffer irregular proceedings to take place, and then ask to have the proceedings reversed on error on account of such irregularities." (*McKinney* v. *People*, 2 Gilm. 540; *Wilhelm* v. *People*, 72 Ill. 468; *Hughes* v. *People*, 116 id. 330; *Kelly* v. *People*, 132 id. 363).

We will notice one of the objections referred to, which is here insisted upon, although no objection of any kind was made in relation to it in the court below. Plaintiff in error insists that no oath was administered to the foreman of the grand jury. The statute provides that, before the grand jury shall enter upon the discharge of their duties, an oath shall be administered to the foreman, and also an oath to the other grand jurors. (2 Starr & Curt. Ann. Stat.—2d ed.—p. 2396). But counsel for plaintiff in error refers to the case of *Lyman* v. *People*, 7 Ill. App. 345, where it was held to be essential, in order to sustain a conviction, that the record shows affirmatively, that the grand jurors were sworn. In that case, the record merely showed that the foreman of the grand jury was sworn, but did not show that the other grand

jurors were sworn, and it was held that the fact, that the foreman was sworn, did not raise a presumption that the other grand jurors were sworn.   In the case at bar, however, the record contains the following recital: "The panel of grand jurors being now filled, the court having now here appointed Aaron B. Mead, foreman of said grand jury, the grand jurors aforesaid were duly sworn and charged by the court, and thereupon retired to consider their presentments." . Here is an express allegation, that "the grand jurors aforesaid were duly sworn," and, as the foreman was one of the grand jurors, he must have been sworn if all of the grand jurors were sworn.   We think the allegation of the record is broad enough to contain the statement, that the oath required by the statute was administered to the foreman, and that the oath, required by the statute to be administered to the other grand jurors, was also administered to them.

*Sixth*—It is furthermore charged, that there was error committed by the court in the instructions given to the jury. By stipulation the court was authorized to instruct the jury orally, and did instruct them orally.   We have held that, while the statute requires instructions to be given in writing, the requirement is one which may be waived by the parties, and that, where they have consented, they are bound by such consent and waiver. Where the record shows, that the court instructed the jury orally by the express consent and agreement of the State's attorney and defendant and his counsel, made in open court at the trial, the defendant cannot complain of the fact, that the instructions were oral, where the case is brought up for review by writ of error. (*Bates* v. *Ball*, 72 Ill. 108; *Williams* v. *People*, 164 id. 481; *Cutter* v. *People*, 184 id. 395).

Plaintiff in error is in no position to question the correctness of the oral instructions given by the court, because he took no exception upon the trial below to the giving of the instructions.   The bill of exceptions con-

tains the instructions, given by the court orally to the jury, but it does not show that plaintiff in error took any exception to the action of the court in this regard. Complaint is made, that the court failed to instruct the jury upon certain points of law, upon which they should have been instructed. If the court failed to instruct in any important particular, the defendant cannot complain of such failure for the first time on writ of error. He should have called the court's attention to such failure at the time. (*Williams* v. *People, supra*). In *Village of Jefferson* v. *Chapman,* 127 Ill. 438, we said (p. 448): "It is also claimed that the first instruction, given at the instance of appellee, was erroneous. It appears, however, from the record, that no exception was taken, at the trial, to the giving of that or any other of the instructions submitted by appellee. Appellant is, therefore, precluded from now insisting upon this assignment of error." This rule is applicable in the case at bar, no exception to the instructions given by the court having been taken at the trial.

But, after a careful examination of what the court said orally to the jury in the way of instruction, as the instructions appear in the bill of exceptions, we are of the opinion that no error was committed. The plaintiff in error, when arrested, insisted that he was so intoxicated that he did not know where he was, or what he was doing. The only testimony to the effect, that he was intoxicated, is the evidence of the witnesses for the prosecution, who testified that he made such a statement when he was arrested. No evidence whatever was introduced by plaintiff in error in his own defense. All the testimony, presented to the court, was so presented by the prosecution. Several witnesses testified that the plaintiff in error exhibited no indications of being intoxicated, and did not have the appearance of an intoxicated man. The main criticism, made upon the instructions of the court, is upon that feature of them, which relates to this subject of intoxication. We have held that, while

drunkenness is no excuse for crime either at common law or under the statute, yet where it is necessary to prove a specific intent before a conviction can be had, it is competent to prove that the accused was at the time wholly incapable of forming such intent, whether from intoxication, or otherwise. (*Schwabacher* v. *People, supra; Bartholomew* v. *People,* 104 Ill. 601). We think that the oral instructions of the court sufficiently presented this idea to the minds of the jury.

*Seventh*—Plaintiff in error made a motion for a new trial, and assigned various reasons in writing why a new trial should be granted. The motion for a new trial, and the reasons in support thereof, are set forth in the bill of exceptions; but the bill of exceptions nowhere states that plaintiff in error took exception to the action of the court in overruling the motion for new trial. Therefore, such action of the court cannot be here assigned as error. It is true that, in the recital by the clerk, upon the record, of the orders entered, it is stated that the motion for new trial was overruled, and that the defendant by his counsel excepted to the order of the court in so overruling the said motion. But this is not sufficient to authorize plaintiff in error to insist upon such action of the court as error in this proceeding upon writ of error. The exception of the plaintiff in error to the action of the court in overruling the motion for new trial could only become a part of the record by being incorporated in the bill of exceptions. The clerk's recitals in that respect are, therefore, extra-official, and of no legal effect. (*Gould* v. *Howe,* 127 Ill. 251).

After a careful examination of the record, and of the numerous points made by counsel for plaintiff in error, we discover no ground, upon which we would be justified in reversing the judgment of the trial court, rendered in this case.

Accordingly, the judgment of the criminal court of Cook county is affirmed.　　*Judgment affirmed.*