(No. 30804.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TONY MARINO, Plaintiff in Error.

*Opinion filed September 22, 1949.*

WM. SCOTT STEWART, of Chicago, and ROSARIO GAZI-ANO, of Rockford, for plaintiff in error.

GEORGE F. BARRETT, Attorney 'General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and JAMES C. MURRAY, all of Chicago, of counsel,) for the People.

MAX A. WESTON, State's Attorney, and JOHN S. GHENT, both of Rockford, for *amicus curiae*.

Mr. JUSTICE WILSON delivered the opinion of the court:

April 17, 1925, the defendant, Tony Marino, was indicted in the circuit court of Winnebago County for the murder, on February 20, 1925, of Charles E. Patterson. On April 25, 1925, he was sentenced to imprisonment in the penitentiary for life. Marino prosecutes this writ of error, seeking a review of the common-law record. No bill of exceptions has been filed.

In the meantime, defendant filed a petition for a writ of *habeas corpus* in the circuit court of Winnebago County,

alleging that his conviction was the result of a denial of rights guaranteed him by the Federal constitution. Evidence was heard and the writ was ordered quashed. Thereafter, defendant filed a petition in the Supreme Court of the United States for a writ of *certiorari*. His petition was granted, and the judgment vacated and the cause remanded to the circuit court. (*Marino* v. *Ragen,* 332 U.S. 561.) Subsequently, the Supreme Court denied a petition for a writ of *mandamus* filed by the Attorney General of this State seeking a clarification of the court's opinion. (*Marino* v. *Ragen,* 333 U.S. 852.) The hearing in the circuit court upon the remandment resulted in an order denying defendant's petition. Following the entry of the second order of the circuit court of Winnebago County after the cause was remanded, Marino again sought a writ of *certiorari* in the United States Supreme Court. His petition was denied on May 2, 1949, and his petition for a rehearing was denied on May 31, 1949.

During the progress of the proceedings described, at the November, 1948, term of this court we denied defendant's petitions for a writ of *mandamus* (No. 30855) and his petition for a writ of *certiorari* (No. 30856). We granted him permission to file a petition for a writ of *habeas corpus, ante,* p. 35, and disposition of the petition is announced this day.

At the outset, we must observe that the record upon this writ of error is the common-law record and not the record which was before the United States Supreme Court in *Marino* v. *Ragen,* 332 U.S. 561. The decision rendered in *Marino* v. *Ragen* was not based upon a review of the common-law record, alone, but upon another and different record in the *habeas corpus* proceeding, consisting, in part, of defendant's petition, the respondent warden's answer, and the evidence heard in the circuit court of Winnebago County upon the issues made by the pleadings in the *habeas corpus* action. The significant difference between the rec-

ords is that, from the evidence in the record before the United States Supreme Court, it affirmatively appeared that Marino was not represented by counsel, whereas the common-law record here is silent as to whether or not he was represented by counsel. The United States Supreme Court said:

"The facts conceded by respondent are as follows:

"The common-law record recites that petitioner was arraigned in open court and advised through interpreters of the meaning and effect of a plea of guilty and that petitioner signed a statement waiving jury trial and pleading guilty. He was sentenced to life imprisonment. It does not appear, however, that an attorney was appointed to represent him. The waiver was not in fact signed by him, and no plea of guilty was entered at the trial. He was 18 years old at that time and had been in this country only two years. He did not understand the English language and it is doubtful that he understood American trial court procedure. The arresting officer served as an interpreter for petitioner at the original trial.

"The State of Illinois speaking through the Attorney General admits the foregoing facts, confesses error, and consents to a reversal of the judgment below. He states that the writ of *habeas corpus* is a proper remedy in Illinois in this case because the facts, which he concedes to be a denial of due process of law under the decisions of this Court, were known to the court at the time of the original trial, though they were not a matter of record at the trial. Whether or not on this showing *habeas corpus* is an appropriate remedy in the court to correct a denial of due process is a question of state law as to which we accept the concession of the state's Attorney General.

"In the light of the confession of error [Citations] and the undisputed facts, we conclude that petitioner was denied the due process of law which the Fourteenth Amendment requires."

Defendant makes the contentions, among others, that the record does not show he pleaded to the indictment and that, in the absence of a plea, the circuit court was without jurisdiction to enter a judgment of conviction; that the statute was not complied with as to a plea of guilty; that the facts and the law have been adjudicated, and that he has been denied due process guaranteed by the fourteenth amendment to the Federal constitution. Although the record in *Marino* v. *Ragen,* 332 U.S. 561, is not the same record which is before us at this time, the decision of the Supreme Court of the United States, based upon the confession of error of the State, speaking through the Attorney General, is a determination that defendant was denied "the due process of law which the Fourteenth Amendment requires." We are of the opinion that this decision of the Supreme Court of the United States renders the principal issues made and argued in the present proceeding *res judicata.* To the extent that defendant seeks a construction of the remanding order of the Supreme Court of the United States, we respectfully decline the invitation to construe. The disposition of the petition for a writ of *certiorari* in the *habeas corpus* proceeding not only remanded the cause to the circuit court but specifically held that *habeas corpus* was a proper remedy because the facts, conceded by the Attorney General to be a denial of due process of law under the decisions of the United States Supreme Court, were known to the trial judge at the time of the original trial, although they were not a matter of record at the trial. As observed in *People ex rel. Marino* v. *Ragen, ante,* p. 35, upon the remandment, the circuit court of Winnebago County heard further testimony and held full and complete hearings in order to determine whether defendant had been afforded a fair trial at the time of his conviction in 1925 and, further, whether he had been denied any of his constitutional rights. Based upon conclusive testimony, the circuit court rejected the conten-

tions advanced by defendant and quashed the writ of *habeas corpus*. As recounted, the United States Supreme Court denied defendant's petition for a writ of *certiorari* and, thereafter, his petition for a rehearing. Accordingly, the principal contentions made and argued in the present proceeding are not open for a further review.

But for the fact that one other contention urged by defendant was not presented in the *habeas corpus* proceeding, this writ of error would be dismissed for the adequate reason that defendant has had his day in court and, for all practical purposes, is seeking a second review of the record. (*People* v. *Bernovich*, 403 Ill. 480.) The contention not made in the earlier proceeding, and which is argued here and requires consideration, is that the grand jury was not drawn according to law. Section 5 of division XI of the Criminal Code provides that at least sixteen members of the grand jury shall be present when an indictment is returned. (Ill. Rev. Stat. 1947, chap. 38, par. 715.) The common-law record discloses that, after a panel of twenty-three grand jurors was served with summons, eight were excused from further service, "And now it appearing to the Court that eight additional jurors are necessary to complete the venire, it is ordered by the Court that the Sheriff call eight additional men to serve as such Grand Jurors. And thereupon the Sheriff presents the names of * * *. And now the Court appoints Daniel McEachran foreman of the Grand Jury and all are sworn by the Clerk of this Court in manner and form prescribed by Statute. And now said Grand Jury are charged by the State's Attorney as to duties touching their present service, and David Andrew and Claude Johnson, duly qualified officers of this Court are specially sworn to take charge of the Grand Jury."

Defendant assails the validity of the indictment upon the ground that the record does not say that the sheriff summoned eight additional jurors or that the court duly

filled the panel. Directing attention to the statement in the record that the sheriff was ordered to call eight additional men to serve as grand jurors, defendant asserts that these eight men may have been nonresidents, aliens or any persons lacking the qualifications of jurors and that, if these eight were strangers or unauthorized persons, only fifteen qualified grand jurors remained. Based upon this premise, he says that, since the statute requires sixteen, the indictment was returned by an illegal body and is, hence, void. Defendant did not interpose a challenge to the array or a motion to quash the indictment. The sole method of objecting to the mode of assembling the grand jury is by a challenge to the array or a motion to quash the indictment prior to plea. (*People* v. *Lieber*, 357 Ill. 423; *People* v. *Green*, 329 Ill. 576; *People* v. *Munday*, 293 Ill. 191; *People* v. *McCauley*, 256 Ill. 504; *Bruen* v. *People*, 206 Ill. 417; *Stone* v. *People*, 2 Scam. 326.) Admittedly, fifteen grand jurors were qualified to act and, in the absence of a showing that the eight additional men called by the sheriff to act as grand jurors were not qualified to act in this capacity, the presumption obtains that they were duly qualified and selected from Winnebago County and that the sheriff performed the duty imposed upon him by statute. (*Bruen* v. *People*, 206 Ill. 417; *Fletcher* v. *People*, 81 Ill. 116.) In the case last cited, the defendant complained that the sheriff summoned eight bystanders in and about the court house to serve as grand jurors and that no showing was made they were properly qualified to act. Answering, this court said, "For aught that appears, the persons selected from the bystanders may have been the very best citizens, and from the country and the various parts of the county. We will presume, until the contrary is made to appear, that the persons summoned by the sheriff were duly qualified, and were selected from the county; that he did his duty as it was imposed by the statute." The foregoing quotation is singularly applicable here.

Defendant also directs attention to the portion of the common-law record stating that the State's Attorney instead of the court charged the grand jury. Section 1 of division XI of the Criminal Code, (Ill. Rev. Stat. 1947, chap. 38, par. 711,) provides that the court shall instruct the grand jury. To a similar contention made in *People* v. *Jordan*, 292 Ill. 514, this court said, "It does not appear in this case that the plaintiff in error was harmed or prejudiced by the fact that the duty was delegated to the State's attorney and we see no good ground for saying that the failure of the court to advise the grand jury as to the law and their duties affected the validity of the indictment returned against the plaintiff in error."

Again, defendant objects to the indictment for the reason that the record affirmatively discloses that two qualified officers of the court were specifically sworn to take charge of the grand jury instead of only one officer. Section 1 of division XI of the Criminal Code (Ill. Rev. Stat. 1947, chap. 38, par. 711,) provides: "The court shall designate an officer to attend upon their sessions." In *People* v. *Gould,* 345 Ill. 288, the accused not only objected to the State's attorney as well as the court instructing the grand jury but, also, made the objection that the court appointed five persons and swore them in as officers to attend and have charge of the grand jury. This court answered, "The appointment of more officers than one to attend the sessions of the grand jury is no evidence that the jury was not a free agent in its deliberations or that it was intimidated and coerced by the action of the court and its officers. The statute requires the designation of an officer to attend the sessions of the grand jury, and the statement in the record that an officer is sworn to attend and have charge of the grand jury and that the grand jurors retire in charge of said officer to consider such matters as may properly come before them does not tend to show that the grand jury was not a free agent or was intimidated or coerced." Even

though a motion to quash the indictment was made in *People* v. *Gould,* and the point preserved for review, this court, nevertheless, rejected the contention urged.

Defendant's several contentions relative to the assembling, selection and conduct of the grand jury are each without merit.

The judgment of the circuit court of Winnebago County is affirmed.

*Judgment affirmed.*