Zimmerman, J.,
dissenting. Defendant was indicted under Section 2907.10, Revised Code, for maliciously and forcefully breaking into a hardware store in the night season. At his trial, the state proved, at most, that the burglary was by forceful entry and took place sometime between noon of one day and eight o’clock on the morning of the following day, and that a fingerprint of defendant was found on a wall of the burglarized store above the second-floor level. Defendant was found guilty as charged and sentenced to an indeterminate period of from one to 15 years in the Ohio Penitentiary.
An appeal on questions of law was taken to the Court of Appeals where the judgment of conviction was reversed and the defendant discharged. In its judgment entry that court stated:
“Upon consideration, the court finds that the state failed to prove beyond the existence of a reasonable doubt that the offense occurred in the night season; the court further finds that the offense of burglary in the night season of an uninhabited dwelling is a separate and distinct offense from breaking and entering in the daytime, and that breaking and entering in *315 the daytime is not an included offense to burglary in the night season.
“It is therefore ordered that the judgment and verdict of the jury in the Court of Comm on Pleas be, and the same hereby is, reversed, and that the appellant herein be discharged.”
In my opinion, such determination is correct. The offense of burglary in the night season is defined in Section 2907.10, Revised Code, and the offense of burglary in the daytime is defined in Section 2907.15, Revised Code. The two offenses are separate and distinct, and violation of the former carries a different and greater penalty than violation of the latter.
To warrant a verdict of guilty and a judgment of conviction under the indictment as laid, it was incumbent on the state to prove beyond a reasonable doubt not only that the defendant committed the burglary but that it took place in the night season as charged, and this the state failed to do.
There is respectable and persuasive authority for this conclusion. In the case of State v. Behee, 17 Kan., 402, it was held that burglary in the nighttime as defined by one section of the Kansas act relating to crimes and punishments does not include burglary in the daytime as defined by another section of the same act, and that, where an accused is specifically charged with burglary in the nighttime, a conviction of the lesser offense of burglary in the daytime can not stand. In the opinion at page 406, the court said: “It is only where the lesser offense is included in the greater, that a verdict can be for the lesser under an indictment or information for the greater. Burglary in the nighttime, as charged under said Section 63, does not include burglary in the daytime as defined by Section 69 of said crimes act. One may be guilty of the latter, and not of the former; and of the former and not of the latter.”
In Bromley v. People, 150 Ill., 297, 37 N. E., 209, the court held that, under a section of the Illinois Criminal Code which imposed different penalties for a day burglary and a night burglary, proof of a burglary in the daytime would not sustain a conviction where the indictment charged burglary at night.
In the opinion in the Bromley case the flat statement is made that “the prosecution having charged that the burglary was committed in the nighttime, was required to prove it.”
*316 Again, in State v. Copenhaver, 35 Mont., 342, 89 P., 61, the holding was that an indictment charging a nighttime burglary under one section of the Penal Code will not support conviction of a daytime burglary under another section of the code, since daytime burglary is not an included offense in nighttime burglary.
Finally, in the case of State v. Fitzpatrick, 125 Mont., 448, 239 P. (2d), 529, the court reversed the conviction and ordered the defendant discharged upon the basis that an information specifically charging a burglary committed in the nighttime does not include a charge of burglary in the daytime and a conviction under such information requires proof that the burglary was committed between sunset and sunrise. And further, where the evidence introduced fails to establish a nighttime burglary, the defendant is entitled to discharge. There are other cases to the same effect.
That the crime occurred in the nighttime must be established by direct evidence; the jury may not be permitted to speculate as to the matter.
As was said in the case of In re McVey, 50 Neb., 481, 483, 70 N. W., 51, 52: “He [an accused] is entitled to know the nature and cause of the accusation * * * so that he may be enabled to prepare and make his defense, if any he has. The statement of the time as to the crime of burglary is an averment of a material element thereof and must be specifically proved as laid.”
All crimes in Ohio are based on statute or on a duly enacted municipal ordinance, and no behavior, however atrocious, may be punished criminally except in accordance with the provisions of a valid statute or ordinance. 15 Ohio Jurisprudence (2d), 244, 245, Section 7. So, if one is specifically charged by indictment with burglary in the night season under Section 2907.10, Revised Code, he must be proved guilty beyond a reasonable doubt of that particular offense. That he may be guilty under the evidence of some other separate and distinct offense not included in the one charged, even though akin to it, is beside the point.
Therefore, I agree with the judgment of the Court of Appeals herein and would affirm it.