THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KURT A. NETZNIK, Defendant-Appellant.

Fifth District   No. 77-266

Opinion filed October 18, 1978.

Michael J. Rosborough and Phillip A. Kramer, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Walden E. Morris, State's Attorney, of Harrisburg (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by defendant, Kurt A. Netznik, from the judgment entered by the circuit court of Saline County upon negotiated pleas of guilty to three counts of burglary. Defendant contends on appeal that count I of the information charging burglary by unlawful entry of a tent is void on the grounds that a tent is not a "building" as that term is used in section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 19—1(a)). Defendant further argues that the alleged insufficiency of count I is a jurisdictional question not waived by his voluntary guilty pleas and that all three of the convictions herein must be vacated.

Count I of the information charged that on April 27, 1977, defendant "without authority, knowingly entered a tent belonging to William Van Hoesen, located at Camp Site #4 of Garden of Gods, * * * with the intent to commit therein a theft." Count II charged that on April 30, 1977, defendant "without authority, knowingly entered a tent and camper vehicle belonging to Byron Fortney, located at Camp Site #1 of Garden of Gods, * * * with the intent to commit therein a theft." Count III charged

that on April 30, 1977, defendant "without authority, knowingly entered a Ford Van, belonging to Stephen H. Kaufman, located at Camp Site #3, in Garden of Gods, * * * with the intent to commit therein a theft."

A preliminary hearing was held at the close of which defendant argued that neither a tent as alleged in count I nor a camper-trailer as alleged in count II fall within the scope of section 19—1(a) of the Criminal Code. The court found against defendant on this argument without prejudice to defendant again raising the issue by subsequent motion. Thereafter, however, on May 11, 1977, the court was informed that pursuant to negotiations, the defendant agreed to plead guilty to each of the three counts as charged in exchange for a recommendation by the State for concurrent sentences of 1½ to 4½ years imprisonment for each offense. The court, after determining the voluntariness of the guilty pleas, accepted them and imposed the agreed-upon sentences.

On May 23, 1977, defendant filed a motion to withdraw the pleas of guilty as to "Counts I and II only," on the same grounds previously raised. Following a hearing, the court denied the motion and this appeal follows. In this appeal, the question of the sufficiency of count II has not been raised.

We turn first to the questions raised by the parties concerning waiver. Both the State and defendant start with the general rule that a voluntary plea of guilty waives all defects which are not jurisdictional. (*People v. Ondrey*, 65 Ill. 2d 360, 357 N.E.2d 1160.) Defendant then asserts that the defect alleged in count I of the information presents a jurisdictional question; the State, citing *People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456, asserts that it is not. In *Gilmore*, the court held that the failure to charge an offense does not serve to deprive a circuit court of jurisdiction. (63 Ill. 2d 23, 27, 344 N.E.2d 456, 459.) The State further cites *People ex rel. Bassin v. Israel*, 31 Ill. App. 3d 744, 335 N.E.2d 53. In *Bassin*, the defendant was originally charged with attempted murder but later entered a negotiated plea of guilty to attempted voluntary manslaughter. Subsequently, the defendant brought a petition for a writ of *habeas corpus* alleging that the offense of attempted voluntary manslaughter does not exist under Illinois statutes and hence the court was without jurisdiction to accept the plea. The petition was dismissed, and on appeal the dismissal was affirmed. In so doing, this court refused to decide the ultimate question of whether the offense exists under Illinois law, on the basis that the defendant had received the benefit of his plea bargain. In the instant case the State cites *Bassin* in two respects. First, for its implicit recognition that the defect alleged therein was not a jurisdictional defect. And second, to support the proposition that a defendant should be held to the bargain into which he entered voluntarily.

Neither defendant nor the State, in their arguments, have taken into

consideration the application of Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)) to the instant case. Both *Ondrey*, which states the original waiver rule, and *Bassin* were based upon facts arising before the adoption of the rule in 1975. Rule 604(d) provides that as a prerequisite to an appeal from a judgment entered upon a guilty plea, a defendant must file a written motion to withdraw the plea of guilty and vacate judgment, stating all his contentions of error. The rule further provides for a fair, orderly and expeditious proceeding on such motion and it requires that any issue not raised in the motion "shall be deemed waived."

There can be no doubt that Rule 604(d) is controlling here. Furthermore, the question of jurisdiction does not here arise because the error alleged had been specifically preserved in defendant's 604(d) motion. We therefore find no waiver as to the primary issue raised.

We note, however, that defendant now further asserts that he had "entered a negotiated plea to all three counts" and thus requests this court to vacate and remand all three convictions. In his 604(d) motion, defendant had not alleged that the negotiated agreement was an inseparable whole, but rather he had moved to withdraw his guilty pleas as to "Counts I and II only." Consequently, we conclude that each guilty plea was the result of a separate plea bargain and we deem any question to the contrary to be waived.

We turn then to consider the merits of defendant's contention. The crux of his argument is that a tent is not a "building" within the meaning of the word as used in section 19—1(a) because a tent lacks permanency. Section 19—1(a) provides:

> "A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft. * * *" Ill. Rev. Stat. 1977, ch. 38, par. 19—1(a).

■■ In *People v. Blair*, 52 Ill. 2d 371, 288 N.E.2d 433, our supreme court found the burglary statute to be a codification of the pre-existing law in Illinois and it defined "building" as used therein as "a fabric, structure or edifice, such as a house, church, shop or the like, designed for the habitation of men or animals or for the shelter of property; a structure." (52 Ill. 2d 371, 374, 288 N.E.2d 443, 445.) In *Blair* the court did not include the element of permanence in its definition. However, in the prior case of *Bruen v. People*, 206 Ill. 417, 69 N.E. 24, the court adopted a definition of "building" as "a fabric or edifice constructed for use or convenience; as a house, a church, a shop. *It must be permanent* and designed for the habitation of men or animals, or the shelter of property." (Emphasis

added.) (206 Ill. 417, 423.) A review of the pertinent cases reveals that the term "building" has been held to include: a car wash (*People v. Blair*) a telephone booth (*People v. Embry,* 12 Ill. App. 3d 332, 297 N.E.2d 605), a chicken house (*Gillock v. People,* 171 Ill. 307, 49 N.E. 712), and a tool shed which was then only under construction (*People v. Gillespie,* 344 Ill. 290, 176 N.E. 216). As these cases demonstrate, the legislature, by its use of the word "building," intended to protect the security and integrity of a wide variety of structures, all of which are characterized by their nature and use as a habitat or shelter. The definitional requirement of permanence can only be understood within this context. The mere fact that a tent is ordinarily portable does not alter the fact that when the structure is erected and is in use as a habitat or shelter, it achieves a degree of permanence regardless of whether such use extends for a single night or for a longer period. Put in other words, we do not believe that the element of permanence is intended to differentiate among structures made of stone, steel or cloth, or to denote some quantum of durability. Rather we conclude that the provision was intended to secure the person or property of a tent-dweller or camper in the use of his tent to the same extent it secures that of an owner in the use of his house, church or shop. See Annot., 78 A.L.R.2d 778, 798 (1961).

■■ In the case before us, the information and factual basis underlying defendant's guilty plea to count I sufficiently established that the tent which defendant unlawfully entered had been erected and was then in use as a shelter for the property of William Van Hoesen. As such, it was a building within the contemplation of the statute.

Accordingly, for the foregoing reasons, the judgment entered by the circuit court of Saline County is affirmed.

Affirmed.

KARNS and KUNCE, JJ., concur.