[No. B118719. Second Dist., Div. Six. Apr. 5, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
PHILIP FOND, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

COUNSEL

Gilbert W. Lentz, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Marc E. Turchin and Deborah J. Chuang, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GILBERT, Acting P. J.**—Here we hold, among other things, that a hospital room in a locked psychiatric hospital is an inhabited dwelling for the purpose of first degree burglary.

Philip Fond was convicted after a jury trial on one count of misdemeanor indecent exposure (Pen. Code, § 314, subd. 1);[1] one count of forcible rape (§ 261, subd. (a)(2)); and one count of residential burglary (§ 459). The jury also found true that Fond committed the rape during the commission of a first degree burglary (§ 667.61).

The trial court sentenced Fond to 15 years to life for rape. The court found the 25-year-to-life sentence mandated by section 667.61 to be cruel and unusual punishment under the circumstances here. The court sentenced Fond to a concurrent 180 days for indecent exposure and stayed a 4-year sentence on the burglary count pursuant to section 654.

On appeal Fond contends that a locked psychiatric hospital is not an inhabited dwelling house for the purpose of first degree burglary; that the trial court improperly denied Fond's motion for a new trial on the burglary count; and that there is insufficient evidence of forcible rape.

The Attorney General contends that the 25-year-to-life sentence mandated by section 667.61 is not cruel and unusual and that the abstract of judgment should be amended to reflect a parole restitution fine. Because the Attorney General has not appealed, we decline to review the determination that the mandatory term is cruel and unusual. The matter of the restitution fine, however, may be raised by the Attorney General even on the defendant's appeal. We amend the judgment to include a parole restitution fine. In all other respects, we affirm.

[1]All statutory references are to the Penal Code unless otherwise stated.

## FACTS

On May 2, 1995, Birgit C. entered Charter Hospital for treatment of depression and substance abuse. Fond was also a patient residing at the hospital.

The next day when Birgit awoke from a nap in her room, she went to the adjoining bathroom where she encountered Fond with his pants down. Fond grabbed her from behind and raped her. Birgit was taking medication that made her feel lethargic and drowsy. She struggled "[a] little bit." She did not call for help because she was afraid of Fond.

The next morning when Birgit's therapist saw her, Birgit was lying on the bed in a fetal position. She was facing the wall and shaking. At first Birgit did not respond to her therapist. But after 10 or 20 minutes she was able to tell her therapist about the assault. A medical examination of Birgit revealed no injuries. The nurse examiner testified, however, that a sexual assault from behind did not always cause injuries.

## DEFENSE

Fond made a pretrial statement to the police. The statement was recorded and played for the jury at trial. Fond admitted having had intercourse with Birgit, but claimed it was consensual. The parties also stipulated that Birgit was suing the hospital for an amount in excess of $50,000 and believed to be in excess of $500,000.

## DISCUSSION

### I

■ Fond contends that a locked psychiatric hospital is not an inhabited dwelling house for the purpose of first degree burglary.

Section 460, subdivision (a) provides in part, "Every burglary of an inhabited dwelling house . . . or the inhabited portion of any other building, is burglary of the first degree."

An "inhabited dwelling house" is " 'a structure where people ordinarily live and which is currently being used for dwelling purposes. [Citation.]' " (*People* v. *DeRouen* (1995) 38 Cal.App.4th 86, 91 [44 Cal.Rptr.2d 842].) It need not be the victim's regular or primary living quarters. (*Id.*, at pp. 90-91.) The term "inhabited dwelling house" has been given a broad,

inclusive construction. (*People* v. *Cruz* (1996) 13 Cal.4th 764, 776 [55 Cal.Rptr.2d 117, 919 P.2d 731].)

Thus a hotel room has been held to qualify as an inhabited dwelling house. (*People* v. *Fleetwood* (1985) 171 Cal.App.3d 982, 988 [217 Cal.Rptr. 612]; see also *People* v. *O'Bryan* (1985) 37 Cal.3d 841, 844 [210 Cal.Rptr. 450, 694 P.2d 135].) It has also been stated in dicta that a hospital room qualifies as a dwelling house. (*People* v. *Fleetwood, supra,* 171 Cal.App.3d at p. 988.)

Here Birgit was assigned a hospital room in which she stayed overnight and in which she was staying at the time of the rape. That is sufficient to make the room her dwelling house for purposes of first degree burglary. That her stay in the room was less than 24 hours, or that she had a roommate or that her room did not have locks on the inside does not detract from its status as a dwelling house.

Fond cites *People* v. *Brown* (1992) 6 Cal.App.4th 1489, 1496 [8 Cal.Rptr.2d 513], for the proposition that the test for first degree burglary is whether a reasonable person would expect some protection from unauthorized intrusions. Fond argues that Birgit had no reasonable expectation of privacy. He points to evidence that the staff and other patients had access to her room.

No doubt Birgit expected the staff to enter her room for purposes related to her treatment. But there is no evidence she expected that the staff could use her room for their own purposes no matter how unrelated to the operation of the hospital. Thus she could reasonably expect to be free from unauthorized intrusions by the staff.

There was also evidence that Birgit had a reasonable expectation to be free from unauthorized intrusions by other patients. Sherri Lewitz, the hospital's director of quality and risk management, testified that patients have an expectation of privacy and it is impermissible for other patients to enter their rooms. If a nurse saw another patient enter a room, the nurse would intervene and direct the patient out of the room. That the nursing staff failed to direct Fond out of Birgit's room does not mean Birgit had no reasonable expectation of privacy.

The burglary of an inhabited dwelling is more serious than other types of burglaries because it violates the victim's need to feel secure from personal attack. People simply need some place where they can let down their guard and where they can sleep without fear for their safety. It is difficult to imagine anyone with a greater need for a feeling of security than a patient in

a psychiatric hospital. For such a patient a hospital room may represent a special place for repose. The determination that a hospital room is a dwelling house not only satisfies the letter of section 460, subdivision (a), but the spirit as well.

## II

■ Fond contends the trial court erred in denying his motion for a new trial on the burglary count. His contention is based on the theory that the trial court did not find he entered Birgit's room with the intent necessary for burglary.

The trial court must grant the defendant a new trial when the verdict is contrary to the evidence. (§ 1181, subd. 6.) In considering such a motion for a new trial, the trial court independently weighs the evidence, acting as a "13th juror." (*People* v. *Lagunas* (1994) 8 Cal.4th 1030, 1038, fn. 6 [36 Cal.Rptr.2d 67, 884 P.2d 1015].) Absent an abuse of discretion, we will not interfere with the trial court's denial of the motion. (*People* v. *Beeler* (1995) 9 Cal.4th 953, 1004 [39 Cal.Rptr.2d 607, 891 P.2d 153].)

Burglary requires that the entry be accompanied by an intent to commit some felony. (§ 459.) In this case the felony is rape.

At the motion for new trial, the trial court stated the evidence showed "Mr. Fond entered with the intent to have sex by whatever means. Volition. Okay, great. He was going to have it volitionally. If it wasn't going to be volitional, he was going to take it."

Fond argues the trial court's comments show it believed Fond's intent to rape was contingent. But even so, Fond still entered with the intent to rape. Burglary is by nature a risky business. It involves chance and opportunity. The burglar's objective will almost always be contingent on something; if nothing else, on not being caught.

The burglar who intends to steal the victim's cash will not be able to avoid punishment because the intent was contingent upon his ability to find the money. Nor will the burglar who intends to steal his victim's goods be relieved of liability because he enters with the belief that there is always the possibility the victim might voluntarily wish to relinquish his property. The trial court did not abuse its discretion in denying the motion for a new trial.

[[III]]*

IV

The Attorney General contends the trial court erred in failing to impose a 25-year-to-life sentence under section 667.61.

Section 667.61, subdivisions (a), (c)(1) and (d)(4) require a 25-year-to-life term for a person convicted of rape during the commission of a residential burglary. The trial court found that sentence to be cruel and unusual under the circumstances of this case. (Cal. Const., art. I, § 17; *People* v. *Dillon* (1983) 34 Cal.3d 441, 477-482 [194 Cal.Rptr. 390, 668 P.2d 697].)

The Attorney General has not raised the issue on his own appeal. Instead he relies on the doctrine that a reviewing court may consider an "unauthorized sentence" whenever the matter is raised, even on the defendant's appeal. (See *People* v. *Rowland* (1988) 206 Cal.App.3d 119, 126 [253 Cal.Rptr. 190].)

The "unauthorized sentence" doctrine constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. (*People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) A sentence is "unauthorized" where it could not be lawfully imposed under any circumstances in the case. (*Ibid.*) "Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.]" (*Ibid.*)

Here the trial court determined the punishment mandated by section 667.61 was cruel and unusual because the area in which the rape took place was not like a traditional residence. The trial court said Birgit's room was more like a public area—the doors could not be locked and anyone could walk into the room at any time. The court added, "If this was exactly the same case conducted in an apartment, secure environment, locked doors, a home, I wouldn't do this." The court took into account that a rape committed "in virtually any other environment" is punishable by a maximum of eight years.

This is not a case in which an error is clear and correctable independent of any factual issue. To the contrary, the trial court relied on its view of the facts in determining the mandated sentence to be cruel and unusual. The sentence here is not "unauthorized." The People have waived their right to

---

*See footnote, *ante*, page 127.

challenge the sentence by failing to appeal. (*People* v. *Scott*, *supra*, 9 Cal.4th at pp. 354-355.)

The Attorney General also raises for the first time without appeal the lack of a mandatory $200 parole restitution fine. (§ 1202.45.)

Section 1202.45 requires the imposition of a minimum $200 parole restitution fine in every case in which a person is convicted of a crime carrying a sentence that includes a period of parole. The fine is suspended unless the parole is revoked. It is undisputed that Fond's sentence includes a period of parole. (§ 3000.) Because the imposition of such a fine is independent of any factual issues presented at sentencing, the failure to impose the fine is correctable on the defendant's appeal.

The judgment is modified to include a $200 restitution fine pursuant to section 1202.45. In all other respects, the judgment is affirmed.

Yegan, J., and Coffee, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 14, 1999.