Brian Keith COLSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1999–CA–000663–MR.

Court of Appeals of Kentucky.

Sept. 15, 2000.

*OPINION*

TACKETT, Judge:

Brian Keith Colson (Colson) entered a plea of guilty to a charge of attempted rape in the first degree and a conditional plea of guilty to burglary in the second degree in the Calloway Circuit Court. He was sentenced to ten years in prison for the attempted rape and five years for the burglary to be served consecutively. Colson appeals to this court, arguing that he could not be properly charged with burglary because he did not unlawfully enter the hospital and that the hospital room did not qualify as a dwelling. We affirm.

Colson entered the hospital room of E.W., a ninety-four-year-old terminally ill woman, pulled his pants and underwear down, and climbed on top of her when he was discovered by hospital staff. He pulled up his pants and fled from the hospital. However, Colson dropped his wallet, which was recovered by hospital staff and turned over to the police. Colson was apprehended, and, after being advised of his rights to counsel and to remain silent, gave a complete confession.

Prior to entering the conditional plea, Colson moved to dismiss the count of burglary in the second degree on two grounds: (1) that a hospital room does not constitute a "dwelling" within the meaning of Kentucky Revised Statute (KRS) 511.010(2), and, (2) that his entry into the hospital was not an unlawful entry. The trial court denied Colson's motion. Colson presents these same arguments on appeal.

■ Turning to the question of whether a hospital room constitutes a dwelling within the meaning of KRS 511.010(2), we hold that it does. This case is one of first impression in Kentucky. In construing statutes similar to Kentucky's, other states, namely California, Colorado, and New York have all held that a hospital room qualifies as a dwelling. In *People v. Fond*, 71 Cal.App.4th 127, 83 Cal.Rptr.2d 660 (1999), a case with similar facts to the instant case, the California Court of Appeals held that a hospital room is a dwelling. In *Fond*, the victim had been assigned to an overnight stay in a locked psychiatric hospital. Her room did not have locks on the inside, she had a roommate, and her stay in the room was less than twenty-four hours total. However, the court noted that the room "need not be the victim's regular or primary living quarters." *Id.* at 663. The court noted that the staff of the hospital had access to her room, but was not persuaded that this alone negated the room's status as a dwelling.

No doubt Birgit expected the staff to enter her room for purposes related to her treatment. But there is no evidence she expected that the staff could use her room for their own purposes no matter how unrelated to the operation of the hospital. Thus she could reasonably expect to be free from unauthorized intrusions by the staff.

There was also evidence that Birgit had a reasonable expectation to be free from unauthorized intrusions by other patients. [T]he hospital's director of quality and risk management testified that patients have an expectation of privacy and it is impermissible for other patients to enter their rooms. If a nurse saw another patient enter a room, the nurse would intervene and direct the patient out of the room. That the nursing staff failed to direct Fond out of Birgit's room does not mean Birgit had no reasonable expectation of privacy.

*Id.* The court further noted that

[p]eople simply need some place where they can let down their guard and where they can sleep without fear for their safety. It is difficult to imagine anyone with a greater need for a feeling of security than a patient in a psychiatric hospital. For such a patient a hospital room may represent a special place for repose.

*Id.* The court concluded that "[t]he determination that a hospital room qualifies as a dwelling house not only satisfies the letter of [the statute], but the spirit as well." *Id.* at 663.

The Colorado Court of Appeals, in *People v. Germany*, 41 Colo.App. 304, 586 P.2d 1006 (1978), simply noted that

[a] 'dwelling' is generally defined ... as 'a building which is used, intended to be used, or usually used by a person for habitation.' Recent cases ... agree that a dwelling includes a hotel or motel room because those rooms are habitually used as a place where persons sleep. [citations omitted]. By the same reasoning, we hold that a hospital room falls within the definition of a dwelling.

*Id.* at 1009. *See also People v. Shackett,* 159 A.D.2d 963, 552 N.Y.S.2d 775 (1990).

Colson argues that the hospital cannot be a dwelling because a hospital room "is not normally considered a place where one would voluntarily take up lodging." We acknowledge that a person would not often choose to be permanently lodged in a hospital. However, whether a patient is in a hospital by necessity or by choice is immaterial. The question must be whether the room is "usually occupied by a person lodging therein." Kentucky Revised Statute (KRS) 511.010(2). Colson argues that because the victim's occupation of the room is temporary, then the hospital room should not be considered a dwelling. We disagree. A hotel room is clearly a temporary residence, but nevertheless it is a "dwelling" because it is usually occupied by a person lodging therein. Whether the "lodging" is short or long-term is irrelevant to the question of whether or not a place is a "dwelling"; it is sufficient that a person is staying in a room overnight.

■ Turning to the question of whether Colson entered E.W.'s hospital room lawfully, we must hold that he did not. A hospital clearly has some areas which are open to the public. However, patient's rooms are not open to the general public; visiting hours are usually restricted, and unauthorized persons in a patient's room will be ejected by the hospital staff.

Colson cites *O'Leary v. Commonwealth,* Ky., 441 S.W.2d 150 (1969), which dealt with protestors entering buildings at the University of Kentucky. In *O'Leary,* the court held that the protestors had a right to enter university buildings that were open to the public, but that their right to remain ended when they were ordered by security to leave certain rooms and they refused. Colson argues that because he was not ordered to leave, his entry was not unlawful. Colson also cites *Robey v. Commonwealth,* Ky., 943 S.W.2d 616 (1997). In *Robey,* a man had been invited by the victim to spend the night on her couch, and upon refusing, was informed that the victim was leaving her door unlocked so that he could return if he changed his mind. He returned and raped her. He was charged with burglary as well as rape. It was held on appeal that the privilege to be in the apartment was not withdrawn prior to the rape, and that since Robey had left immediately after the rape, the elements of burglary (unlawfully entering or remaining in a dwelling) had not been met.

We are not persuaded that either *Robey* or *O'Leary* applies in the case at bar. It is granted that parts of a hospital, (*i.e.,* lobby, gift shop, cafeteria) may be open to the general public. However, an individual patient's room is not, and upon entry into E.W.'s room with the intent to commit a crime, Colson committed burglary in the second degree because his entry into the patient's room was unlawful.

For the foregoing reasons, the judgment of the Calloway Circuit Court is affirmed.

ALL CONCUR.