Filed 7/12/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ANGEL ROBERT TREVINO,<br><br>  Defendant and Appellant. | 2d Crim. No. B261916<br>(Super. Ct. No. 1441141)<br>(Santa Barbara County)<br><br>ORDER MODIFYING<br>OPINION<br>(No Change in Judgment) |

THE COURT:

It is ordered that the opinion filed herein on July 5, 2016, be modified as follows:

On page 6, footnote 6, the third sentence is modified to state:  "(See Former Cal. Rules of Court, rule 8.1105(e)(1).)" instead of "(See Cal. Rules of Court, rules 8.1105(e)(1), 8.1115(a).)"

No change in judgment.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ANGEL ROBERT TREVINO,<br><br>  Defendant and Appellant. | 2d Crim. No. B261916<br>(Super. Ct. No. 1441141)<br>(Santa Barbara County) |

Angel Robert Trevino appeals his conviction by jury of first degree burglary of an inhabited recreational vehicle (RV). (Pen. Code, §§ 459, 460.)[1] Section 460, subdivision (a) categorizes burglary as first degree if it is of "an inhabited dwelling house, vessel . . . , floating home . . . , or trailer coach . . . , or the inhabited portion of any other building . . . ." Appellant contends that because an RV, statutorily referred to as a "house car,"[2] is not specifically included in section 460, subdivision (a), his first degree burglary conviction cannot stand. We conclude that the absence of the words

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] "A 'house car' is a motor vehicle originally designed, or permanently altered, and equipped for human habitation, or to which a camper has been permanently attached." (Veh. Code, § 362.) It is distinguishable from a "trailer coach," which is defined as "a vehicle, other than a motor vehicle, designed for human habitation or human occupancy for industrial, professional, or commercial purposes, for carrying property on its own structure, and for being drawn by a motor vehicle." (*Id.*, § 635.)

"recreational vehicle" or "house car" from section 460, subdivision (a) is not determinative, and that the phrase "inhabited dwelling house," as used in that subdivision, includes an inhabited RV.  Accordingly, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On August 29, 2013, Cathy Coggins-Allen and her husband, Mike Allen, had dinner at a restaurant with appellant and his wife, Linda Trevino (Linda).  Allen and appellant drank alcohol.  After dinner, appellant drove Coggins-Allen and Allen to the RV where the couple had been living for several years.  The RV has a truck-style cab with doors and is described as C-style, with a bed over the cab.

Appellant parked his van in front of the RV.  Around 2:15 a.m., appellant woke up Allen and Coggins-Allen and asked for a cigarette.  He appeared intoxicated and distraught.  A short while later, Coggins-Allen heard appellant arguing with Linda.  Appellant then drove away in the van.  When he returned, he started punching Linda and kicking her in the shins.

After appellant drove away again, Coggins-Allen invited Linda into their RV.  Appellant subsequently returned, pounded on the RV's side door and demanded that Linda come out.  Linda refused.  Appellant kicked the door numerous times, causing severe damage.

Appellant started to climb into the RV through an open window.  Allen tried to push appellant out of the window, but appellant grasped Allen's arms and dug his fingernails into them.  Appellant entered the RV, grabbed Linda by her clothing and pushed her down toward the floor.  Linda stepped into a portable barbecue, where she lost her balance, and fell down.  While Linda was on the floor, appellant kicked her in the shins.  He then pulled her back up and hit her in the shoulders before driving away in the van.

Coggins-Allen called 911.  Paramedics took Linda to the hospital while Allen drove himself to the emergency room in the RV.  Later, appellant also went to the hospital.

2

During the ensuing investigation, Santa Barbara Police Officer Chad Hunt noticed that the RV's door was damaged. Linda told Hunt that appellant caused the damage when he kicked the door. Hunt observed that Allen had scratches on both arms and that Linda had a bruise above her knee. A restraining order existed protecting Linda from appellant.

Appellant was charged with first degree residential burglary (§§ 459, 460, subd. (a) [count 1]); corporal injury to spouse (§ 273.5, subd. (a) [count 2]); battery with serious bodily injury (§ 243, subd. (d) [count 3]); vandalism exceeding $400 (§ 594, subd. (b)(1) [count 4]); and misdemeanor domestic violence contempt of court (§ 166, subd. (c)(1) [count 5]). Count 1 alleged that the offense was a burglary of an inhabited dwelling (§ 460, subd. (a)).

Appellant moved to dismiss the first degree burglary allegation pursuant to section 1118.1. He argued that no reasonable trier of fact could find the allegation true because an RV is a motor vehicle and not an "inhabited dwelling house" as required by statute. Appellant asserted that because the Legislature included burglary of motor vehicles in section 459, but not in section 460, it meant to exclude vehicular burglaries from those classified as first degree. The trial court denied the motion, relying upon the holding in *People v. Wilson* (1992) 11 Cal.App.4th 1483 (*Wilson*) that a tent is an "inhabited dwelling house" or building for purposes of section 460. The court analogized an RV to a tent as they both have walls and a roof.

The jury found appellant guilty of counts 1, 2, 4 and 5. As to count 3, the jury found appellant guilty of the lesser included offense of battery. The jury also found the residential burglary allegation in count 1 to be true.

The trial court suspended imposition of sentence and placed appellant on probation. As a condition of probation, appellant was ordered to serve 240 days in jail, with 105 days of presentence custody credit.

DISCUSSION

Appellant contends the Legislature did not intend for burglary of an inhabited RV to be of the first degree because it specifically included the terms "house car" and "vehicle" in section 459,[3] which generally defines burglary, but not in section 460, subdivision (a),[4] which defines first degree burglary. He relies largely upon *People v. Moreland* (1978) 81 Cal.App.3d 11 (*Moreland*), in which the defendant discharged a firearm into an RV and was convicted of shooting at an "inhabited dwelling house" under section 246.[5] In a split decision, the Court of Appeal reversed, holding that an RV was not included in the definition of " 'inhabited dwelling house' " under section 246. (*Moreland*, at p. 21.) In reaching its decision, the *Moreland* majority opined that a reasonable inference could be drawn that because an RV, even if inhabited, is listed in

---

[3] Section 459 states, in pertinent part: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, as defined in Section 21 of the Harbors and Navigation Code, floating home, as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach, as defined in Section 635 of the Vehicle Code, any house car, as defined in Section 362 of the Vehicle Code, inhabited camper, as defined in Section 243 of the Vehicle Code, vehicle as defined by the Vehicle Code, when the doors are locked, aircraft as defined by Section 21012 of the Public Utilities Code, or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary. As used in this chapter, 'inhabited' means currently being used for dwelling purposes, whether occupied or not."

[4] Section 460 states, in pertinent part: "(a) Every burglary of an inhabited dwelling house, vessel, as defined in the Harbors and Navigation Code, which is inhabited and designed for habitation, floating home, as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, or trailer coach, as defined by the Vehicle Code, or the inhabited portion of any other building, is burglary of the first degree. [¶] (b) All other kinds of burglary are of the second degree."

[5] At the time relevant in *Moreland*, section 246 provided that " '[a]ny person who shall maliciously and wilfully discharge a firearm at an inhabited dwelling house or occupied building, is guilty of a felony . . . .' " (*Moreland, supra*, 81 Cal.App.3d at p. 14.)

4

section 459 as a "house car," but not in section 460, it is not included in the term " 'inhabited dwelling house' " in section 460. (*Moreland,* at p. 21.)

Our Supreme Court was not convinced by *Moreland's* interpretation of sections 459 and 460. (*People v. Cruz* (1996) 13 Cal.4th 764, 778 (*Cruz*).) It did "not believe that the Legislature would conclude from [*Moreland*], that *any structure* listed in section 459 -- but not specifically enumerated in section 460 -- was excluded from the latter section." The court explained that "[t]he *Moreland* opinion did not purport to establish such a broad rule, nor would such a rule be at all reasonable, since many structures that are enumerated in section 459 but not mentioned in section 460, most notably 'room,' 'tenement,' and 'apartment,' long have been understood as included in the term 'inhabited dwelling house.' " (*Ibid.*; see, e.g., *People v. Fond* (1999) 71 Cal.App.4th 127, 131-132 [hospital room]; *People v. DeRouen* (1995) 38 Cal.App.4th 86, 91-92 [vacation home and trailer], overruled on another ground by *People v. Allen* (1999) 21 Cal.4th 846, 864-866; *People v. Fleetwood* (1985) 171 Cal.App.3d 982, 988 [apartment and hotel room].)

Appellant argues that to qualify as an "inhabited dwelling house," a residence must be a structure that is fixed to the ground and either cannot be moved at all or cannot be moved without being first dismantled and detached from the ground. *Cruz* rejected this argument, reasoning that " 'inhabited dwelling house' " has a "broad, inclusive definition" that depends on "whether the dwelling was being used as a residence." (*Cruz, supra*, 13 Cal.4th at pp. 776-779.) The court noted that "the distinction between first and second degree burglary is founded upon the perceived danger of violence and personal injury that is involved when a residence is invaded" and that the term " 'inhabited dwelling house' " in section 460 "should be construed to effectuate the legislative purposes underlying the statute, namely, to protect the peaceful occupation of one's residence." (*Cruz*, at pp. 775-776.) The court found no cases "indicating that an inhabited dwelling house must be set on a foundation in order to be subject to the protection provided by the additional punishment set forth under section

460." (*Id.,* at p. 778.) Indeed, it quoted Perkins and Boyce, Criminal Law (3d ed. 1982), page 256, for the proposition that " 'a regular place of abode is a "dwelling house" for purposes of burglary . . . *even if it is on wheels and not restricted to a particular locality.*' " (*Cruz,* at p. 778, italics added.)

Thus, "it is the element of habitation, not the nature of the structure that elevates the crime of burglary to first degree." (*Wilson, supra*, 11 Cal.App.4th at p. 1489 [a tent, though specifically included in section 459 and not in section 460, may be a "dwelling house" for purposes of section 460 if it is inhabited, meaning it is "used for sleeping and storage of [the inhabitants'] possessions"]; *People v. Fleetwood, supra*, 171 Cal.App.3d at p. 987 ["A place is an inhabited dwelling if a person with possessory rights uses the place as sleeping quarters intending to continue doing so in the future"].) As *Fond* observed, "[t]he burglary of an inhabited dwelling is more serious than other types of burglaries because it violates the victim's need to feel secure from personal attack. People simply need some place where they can let down their guard and where they can sleep without fear for their safety." (*People v. Fond*, *supra*, 71 Cal.App.4th at p. 131; see *People v. DeRouen*, *supra,* 38 Cal.App.4th at pp. 91-92 [noting "important societal policies" of protecting personal safety of occupants and protection of an inhabitant's " 'most secret zone of privacy' " support distinction of burglary of inhabited dwellings as being of first degree].)[6]

Here, it is undisputed that the RV was Coggins-Allen and Allen's sole place of abode. They had inhabited it for several years and used it for sleeping and storing their possessions. (See *Cruz, supra*, 13 Cal.4th at pp. 776-779; *Wilson, supra*, 11 Cal.App.4th at p. 1489.) Their RV therefore qualifies as an "inhabited dwelling house" for purposes of section 460, subdivision (a). Because appellant unlawfully entered an "inhabited

---

[6] Appellant's reliance on *People v. Goolsby* (2014) 222 Cal.App.4th 1323, reversed by *People v. Goolsby* (2015) 62 Cal.4th 360, is misplaced for two reasons. First, its precedential value was eradicated when the Supreme Court granted review. (See Cal. Rules of Court, rules 8.1105(e)(1), 8.1115(a).) Second, it concerned the definition of "inhabited structures" under an entirely different statutory scheme. (See §§ 450, 451.)

dwelling house" with the intent to commit a felony, the jury properly convicted him of first degree burglary.  (§§ 459, 460, subd. (a).)

The judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>


                              PERREN, J.

We concur:


        GILBERT, P. J.


        YEGAN, J.

7

Jean M. Dandona, Judge

Superior Court County of Santa Barbara

_____

Christina Alvarez Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, William H. Shin, Deputy Attorney General, and Peggy Z. Huang, Deputy Attorney General, for Plaintiff and Respondent.