SUTTON, Circuit Judge,
dissenting.
There is an easy way to think about this case. And there is a more complicated way. Either way, Stitt’s conviction under Tennessee law for aggravated burglary counts as a “burglary” under the Armed Career Criminal Act.
The easy way. The Armed Career Criminal Act establishes a mandatory minimum sentence for firearm offenders who have three previous convictions for “violent felonies] or [] serious drug offense[s].” 18 U.S.C. § 924(e)(1). The Act lists “burglary” as a qualifying violent felony. Id. § 924(e)(2)(B)(ii). The relevant portion of Tennessee’s aggravated burglary statute applies to burglary of a “habitation,” defined as “any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons,” including “a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant.” Tenn. Code § 39-14-401(l)(A), (B).
Aggravated burglary under Tennessee law counts as a crime of violence for three reasons.
One: Congress meant to use “burglary” in a way that goes beyond the common law definition of burglary: “breaking and entering of a dwelling at night, with intent to commit a felony.” See Taylor v. United States, 495 U.S. 575, 592-94, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).
Two: The “habitations” covered by the Tennessee aggravated burglary statute qualify as dwellings under the common law definition of burglary.
Three: The greater includes the lesser. No matter how far the federal definition of “burglary” extends beyond the common law definition—by eliminating, say, the requirement that the burglary occur at night or by expanding the kinds of structures involved to cover an office building or a shed—it still covers the Tennessee law, which focuses on burglaries of dwellings or habitations. Burglary of a dwelling in its many forms, including each of the forms identified in the Tennessee law, is always a federal burglary. That’s all anyone needs to know.
The more complicated way. The same conclusion applies even if we account for a few more perspectives and concepts: the categorical versus modified categorical approaches, divisible versus indivisible statutes, and generic versus non-generic definitions of crimes. Taylor sought to provide a uniform definition of “burglary” for federal courts to measure state criminal statutes. Id. at 599, 110 S.Ct. 2143. In doing so, it declined to limit its definition of burglary to “the traditional common-law definition”—“breaking and entering of a dwelling at night, with intent to commit a felony”—and opted instead for a “broader ‘generic’ definition” drawn from the Model Penal Code: “unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.” Id. at 580, 592, 599, 110 S.Ct. 2143 (emphases added).
The Court explained that the modern definition encompassed the common law crime: “Whatever else the Members of Congress might have been thinking of, they presumably had in mind at least the *877 ‘classic’ common-law definition when they considered the inclusion of burglary as a predicate offense.” Id. at 593, 110 S.Ct. 2143. The Court repeatedly described the common law definition as “narrow,” id. at 595, 596, 110 S.Ct. 2143, and said that it constituted a “subclass” of modern burglary, id. at 598, 110 S.Ct. 2143. The problem with sticking to the common law definition was that most States had “expanded” on the definition, including “entry without a ‘breaking,’ structures other than dwellings, offenses committed in the daytime” and other new, more expansive elements. Id. at 593, 110 S.Ct. 2143. By noting that modern burglary covers structures other than dwellings, the Court made clear that the phrase “building or structure” in its definition of burglary includes all dwellings. “Structure” is the broader category; “dwelling” is a subset. The Court even said that when “a statute is narrower than the generic view, e.g., in cases of burglary convictions in common-law States ... there is no problem.” Id. at 599, 110 S.Ct. 2143.
That’s this case, which is why there is no problem here either. The Tennessee law, to repeat, defines “habitation” as “any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons,” including “a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant.” Tenn. Code § 39-14-401(l)(A), (B). This definition of aggravated burglary readily qualifies as burglary of a dwelling and thus as “burglary” under federal law for several reasons.
The Tennessee definition mirrors the definition of “occupied structure” in the Model Penal Code’s burglary statute, on which Taylor based its understanding of the elements of generic burglary. See Taylor, 495 U.S. at 580, 598 n.8, 110 S.Ct. 2143; American Law Institute, Model Penal Code § 221.0(1).
The Tennessee definition matches the traditional meaning of “dwelling.” Black’s Law Dictionary defines “dwelling house,” in the criminal context, as “[a] building, a part of a building, a tent, a mobile home, or another enclosed space that is used or intended for use as a human habitation.” Id. at 619 (10th ed. 2014). State courts agree. They classify burglaries of motor homes and camping tents as burglaries of dwellings. See, e.g., People v. Trevino, 1 Cal.App.5th 120, 125, 203 Cal.Rptr.3d 909 (2016) (holding that a recreational vehicle was an “inhabited dwelling house”); People v. Wilson, 11 Cal.App.4th 1483, 1489, 15 Cal.Rptr.2d 77 (1992) (holding that a camping tent was an “inhabited dwelling house”); Kanaras v. State, 54 Md.App. 568, 460 A.2d 61, 70-71 (1983) (collecting cases). To my knowledge, there is no contrary state authority.
The federal courts have unanimously held that burglary of a dwelling covers vehicles and tents that are designed for human habitation. Until August 1, 2016, the Sentencing Guidelines included “burglary of a dwelling” as an enumerated offense in the definition of “crime of violence.” U.S.S.G. § 4B1.2 (2015). Consistent with Taylor’s conclusion that burglary of a dwelling is a subset of generic burglary of a building or structure, the Commission’s original commentary noted that “[c]onviction for burglary of a dwelling would be covered; conviction for burglary of other structures would not be covered.” U.S.S.G. § 4B1.2 cmt. n.l (1987) (emphasis added). All courts of appeals that interpreted this provision on its own terms held that statutes that criminalized burglary of tents and vehicles (such as RVs) adapted for overnight accommodation qualified as burglary of a dwelling. See, e.g., United States *878 v. Ramirez, 708 F.3d 295, 303 (1st Cir. 2013) (any “enclosed space for use or intended use for human habitation” is a dwelling); United States v. Murillo-Lopez, 444 F.3d 337, 342, 345 (5th Cir. 2006); (“dwelling” encompasses “tents and vessels used for human habitation”); United States v. Graham, 982 F.2d 315, 316 (8th Cir. 1992) (per curiam) (using definition from Black’s); United States v. Rivera-Oros, 590 F.3d 1123, 1132-33 (10th Cir. 2009) (same); United States v. Garcia-Martinez, 845 F.3d 1126, 1132 (11th Cir. 2017) (vehicles “used or intended for use for human habitation” are dwellings).
All in all, Taylor tells us that burglary of a dwelling is always generic, and a uniform body of precedent tells us that Tennessee’s definition of “habitation” applies only to dwellings. The outcome should be clear. The statute is generic. Stitt’s conviction qualifies as a violent felony.
In reaching a contrary conclusion, the court points to several statements in Supreme Court opinions and, with respect, makes the mistake of reading an opinion (in truth part of an opinion) like a statute. Taylor observed that some state burglary statutes go beyond the generic definition by “eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings.” 495 U.S. at 599, 110 S.Ct. 2143. The Court gave one example of such a statute: a Missouri law that criminalized breaking and entering into “any booth or tent, or any boat or vessel, or railroad car.” Id. at 593, 110 S.Ct. 2143. The Court repeated that burglary is a violent felony under the Act “only if committed in a building or enclosed space ... not in a boat or motor vehicle.” Shepard v. United States, 544 U.S. 13, 15-16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). And it said the same thing in Mathis v. United States, — U.S.-, 136 S.Ct. 2243, 2250, 195 L.Ed.2d 604 (2016).
But these statements do not undermine Taylor’s conclusion that dwellings categorically remain structures and thus that burglary of a dwelling remains categorically generic. Just look at the context of each statement. The Missouri statute discussed in Taylor applied to any tent or boat, including a canoe or a tent for an outdoor party, not just those tents or boats used for habitation. So too of the law in Shepard, which applied to any “building, ship, vessel, or vehicle.” 544 U.S. at 31, 125 S.Ct. 1254. And of the law in Mathis, which applied to any “land, water, or air vehicle.” 136 S.Ct. at 2250. These statutes covered all vehicles, and so were clearly not generic under Taylor because they did not apply to dwellings—namely places used for habitation. The Court had no reason to consider recreational vehicles and houseboats when deciding Taylor or any case since, and thus no reason to consider that some vehicles (but not all vehicles) count as dwellings under the common law definition.
The court’s decision not only goes beyond what Taylor/Shepard/Mathis require. It also contradicts Taylor’s reasoning. The court’s decision stands for the proposition that simple common-law burglary— “breaking and entering into a dwelling, with intent to commit a felony”—is not generic when it comes to state courts that follow the long-held custom of treating vehicles and tents adapted for overnight accommodation as dwellings. How can that be? Taylor told us that common law burglary always qualified as a violent felony under the Act. 495 U.S. at 599, 110 S.Ct. 2143. If the court is correct, generic burglary now goes beyond the common law crime but never includes it.
In this circuit alone, the majority’s holding jeopardizes two statutes previously treated as generic. Consider Michigan’s home invasion statute, which applies to a *879 common law “dwelling,” Mich. Comp. Laws § 750.110a, and Kentucky’s second-degree burglary statute, which does the same, Ky. Rev. Stat. § 511.030. We previously treated convictions under the former as a violent felony, United States v. Quarles, 850 F.3d 836, 839-40 (6th Cir. 2017), and did the same for the latter, United States v. Moody, 634 Fed.Appx. 531, 534-35 (6th Cir. 2015).
The majority’s holding also produces this head-scratching outcome—that Tennessee’s lesser crime of “burglary of a building” qualifies as generic burglary while aggravated burglary does not. A similar oddity arises within the aggravated burglary statute itself under the court’s decision. It’s okay if the statute covers burglary of unoccupied structures, such as tool sheds, see United States v. Lara, 590 Fed.Appx. 574, 579 (6th Cir. 2014), but not if it covers places where people regularly lodge. How likely is that? That Congress meant to classify burglaries of unoccupied structures as violent felonies but not the burglary of a sleeping family’s RV?
The court responds that we should concentrate on “a place’s form and nature— not its intended use or purpose—when determining whether a burglary statute’s locational element is a ‘building or other structure.’ ” Maj. Op. 858. But form follows function, making it impossible for any definition of burglary to avoid functional considerations. Bridges, cranes, gazebos, and doll houses are all “structures,” but the court would not claim that stealing from any of these locations would qualify as burglary. A would-be burglar cannot “break and enter” into those structures because, as a matter of function, they’re not designed to house people and property securely. If anything, determining what structures a person can break into and enter seems to be a more difficult functional question than determining what structures are designed for human accommodation.
But all of this distracts from the key point: We should not isolate three words from Taylor, lift them from their context, and in the process eliminate common law burglary of a dwelling, which Taylor tells us in no uncertain terms is the heart of the crime.
The court claims that five courts of appeals have followed its approach and just one has gone the other way. That is not quite right. To my knowledge, only six courts of appeals have considered statutes that, like Tennessee’s, apply only to vehicles and tents that serve as dwellings. In addition to our decision in United States v. Nance, 481 F.3d 882, 887 (6th Cir. 2007), two other courts of appeals have adopted the dwelling definition, holding that burglary statutes covering vehicles and tents designed for overnight accommodation are generic under Taylor. United States v. Silva, 957 F.2d 157, 162 (5th Cir. 1992); United States v. Spring, 80 F.3d 1450, 1461-63 (10th Cir. 1996). Three other courts, it is true, have adopted a “no-vehicles-or-tents” definition. See United States v. Henriquez, 757 F.3d 144, 149 (4th Cir. 2014); United States v. Sims, 854 F.3d 1037, 1039 (8th Cir. 2017); United States v. Cisneros, 826 F.3d 1190, 1193-94 (9th Cir. 2016). But all three decisions come with qualifications. One comes with internal disagreement within the case itself. Henriquez, 757 F.3d at 151-55 (Motz, J., dissenting) (concluding that burglary of a common law dwelling is always generic). The other two are at odds with decisions from the same court, including one decision that involves this same Tennessee statute, see United States v. Pledge, 821 F.3d 1035, 1037 (8th Cir. 2016) (holding that Tennessee aggravated burglary is generic); United States v. Sweeten, 933 F.2d 765, 771 (9th Cir. 1991) (per curiam) (hold *880 ing that Texas’s identical statute was generic).
The stakes of this debate have grown since Mathis. Before Mathis, many courts made liberal use of the “modified categorical approach,” which enabled courts to look at certain records from a prior conviction under a non-generic statute to determine whether the defendant, to use one example, in fact burglarized a home or a vehicle. See 136 S.Ct. at 2249. This meant that declaring a statute non-generic carried few consequences; a court often could proceed to figure out what the defendant in fact did. But Mathis made clear that the modified categorical approach applies only when a statute contains multiple alternative elements and therefore defines separate, divisible crimes. Id. at 2249-50. A statute that merely lists different means of commission—such as burglarizing a building, vehicle, or tent—is not divisible. Now, when a court declares a statute like Tennessee’s non-generic, that’s all there is to it. Because aggravated burglary in Tennessee can apply to the burglary of a motor home, no one convicted under the statute has committed “burglary” for purposes of the Armed Career Criminal Act.
Nor is Tennessee an outlier. The majority’s no-vehicles-or-tents rule implies that every state’s basic burglary statute is non-generic. See Appellee’s Supp. Br., App’x B. It’s a strange genus that doesn’t include any species. In combination with Mathis, the majority’s definition of generic burglary effectively reads “burglary” out of the Act. That should give us all pause.
My concurring colleagues contest one of my premises. They claim that tents (and perhaps vehicles) could never be dwellings under the common law, meaning that Tennessee aggravated burglary is not generic even under my reading of Taylor. I disagree. The cited authorities from the ancient common law, Blackstone among others, go out of their way to point out that tents erected in public markets are not dwellings. They do not consider whether tents designed for human accommodation might qualify—the only claim I make here and the only reason a tent could be a dwelling under the common law.
But this argument has a broader problem: a mistaken vantage point. Blackstone and other treatise writers may be good guides to the state of the common law in their own centuries. But the very nature of the common law is that it’s never static. That is its reason for being: It allows courts to make new law to address new circumstances. And that’s why some judges complain when courts use a common-law method of interpretation in construing the Constitution or statutes. See generally Antonin Scalia, Common-Law Courts in a Civil-Law System: The Role of United States Federal Courts in Interpreting the Constitution and its Laws, in A Matter of Interpretation (1997). For our purposes, the proper vantage point is the meaning of the (ever-evolving) common law in 1984, when Congress enacted the Armed Career Criminal Act. By then, the consensus of the state courts—the true authorities on American common law—was that tents and vehicles designed and used for human accommodation count as dwellings. See Kanaras, 460 A.2d at 70-71 (collecting cases); Martin v. State, 123 Tex. Crim. 82, 57 S.W.2d 1104, 1104 (1933) (“That a tent may be a house within the meaning of the law is not open to serious question.”); Knowles v. State, 19 Ala.App. 476, 98 So. 207, 208 (1923) (acknowledging that a tent, depending upon its construction and use, may be a “dwelling house”). Black’s Law Dictionary accounted for this consensus by altering its definition of “dwelling” to include tents and vehicles in 1979. See id. at 454 (5th ed.). The Model Penal Code of 1980 also reflected this widely shared understanding. And so -did the pertinent state statutes. Let them live *881 in “mansion houses” may have been an answer to those who wanted the protection of the burglary laws for lesser dwellings a long time ago. But that has not been true for many decades.
All of this leads to one conclusion. In 1984, when Congress used the word “burglary” in ACCA, and in 1990, when Taylor construed the term to include the common law definition—“breaking and entering of a dwelling at night”—there was no question that tents and vehicles designed and used for human accommodation qualified as dwellings.
To their credit, my concurring colleagues recognize the strange results that follow from their adherence to the “bright-line” rule that burglary of anything besides a “building or structure” can never be generic. See Concurring Op. (Boggs, J.) at 867-68. As noted, that definition nearly renders generic burglary a null set. My colleagues assign the blame for this state of affairs to the Taylor Court. But we should give the Court and Congress more credit. The result the court reaches today only follows from Taylor if one reads “building or structure” as if it “were a statutory term.” Vance v. Ball State Univ., — U.S. -, 133 S.Ct. 2434, 2446, 186 L.Ed.2d 565 (2013). We should instead adopt “the interpretation that best fits within the highly structured framework that [Taylor] adopted.” Id.
That framework tells us burglary of a dwelling is always generic, regardless of whether the dwelling is made of “stone, steel, or cloth.” People v. Netznik, 66 Ill.App.3d 72, 22 Ill.Dec. 832, 383 N.E.2d 640, 642-43 (1978). Whether a suburban home, an apartment, an RV, or a tent under a highway, all of these structures are designed for habitation. And all burglaries of them are covered. Holding otherwise hollows out generic burglary by removing the crime’s common law core. I would stand by our decisions in Nance and United States v. Priddy, 808 F.3d 676, 684 (6th Cir. 2015), which avoided each of these pitfalls and correctly resolved this issue.
For these reasons, I respectfully dissent.